Martin G. WENKE and Dakota M. Wenke, a minor, by his Guardian ad Litem, Lynn R. Laufenberg, Plaintiffs-Appellants-Petitioners,

v.

GEHL COMPANY, a Wisconsin corporation, Defendant-Respondent.

Supreme Court

*No. 01–2649. Oral argument April 27, 2004.—Decided July 7, 2004.*

2004 WI 103

(Also reported in 682 N.W.2d 405.)

223

CROOKS, J., concurs.
WILCOX, J., joins.
BRADLEY, J., dissents.
ABRAHAMSON, C.J., joins.

For the plaintiffs-appellants-petitioners there were briefs by *Lynn R. Laufenberg* and *Laufenberg & Hoefle, S.C.,* Milwaukee, and oral argument by *Lynn R. Laufenberg.*

For the defendant-respondent there was a brief by *Francis H. LoCoco, Daniel J. LaFave* and *Quarles & Brady LLP,* Milwaukee, and oral argument by *Daniel J. LaFave.*

An amicus curiae brief was filed by *Colleen D. Ball,* Wauwatosa, on behalf of Deere & Company.

An amicus curiae brief was filed by *Mark S. Olson* and *Oppenheimer Wolff & Donnelly LLP,* Minneapolis, MN, on behalf of Product Liability Advisory Council, Inc.

An amicus curiae brief was filed by *Ralph A. Weber, Beth Ermatinger Hanan* and *Gass Weber Mullins LLC,* Milwaukee, on behalf of Wisconsin Manufacturers and Commerce.

An amicus curiae brief was filed by *Ralph A. Weber, Beth Ermatinger Hanan* and *Gass Weber Mullins LLC,* Milwaukee, on behalf of Case LLC.

An amicus curiae brief was filed by *William C. Gleisner, III* and *Law Offices of William Gleisner,* Milwaukee; *David M. Skoglind* and *Aiken & Scoptur, S.C.,* Milwaukee, on behalf of the Wisconsin Academy of Trial Lawyers.

¶ 1. DAVID T. PROSSER, J. This is a review of a published decision of the court of appeals.[1] The issue presented is whether *Landis v. Physicians Insurance Co.,* 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 893, functionally overrules that part of the holding in *Leverence v. United States Fidelity & Guaranty,* 158 Wis. 2d 64, 462 N.W.2d 218 (Ct. App. 1990), that distinguishes statutes of limitation from statutes of repose in the application of Wisconsin's "borrowing statute," Wis.

---

[1] *Wenke v. Gehl Co.,* 2003 WI App 189, 267 Wis. 2d 221, 669 N.W.2d 789.

Stat. § 893.07.[2] This question requires us to consider whether § 893.07 applies equally to foreign statutes of limitation and foreign statutes of repose.

¶ 2. Plaintiff Martin Wenke was severely injured in Iowa in September 1997 while using a baler manufactured by the Gehl Company, a Wisconsin corporation. Gehl sold the baler to another Iowa resident in 1981, and it was subsequently acquired by Wenke. An Iowa statute limiting product liability actions from being commenced more than 15 years after a product "was first purchased"[3] precluded Wenke from bringing an action in Iowa to recover on his injuries. Hence, in August 1999 Wenke brought an action in Wisconsin. Gehl asserted that the statute barring the action in Iowa must be borrowed and applied under § 893.07(1) to bar the action in Wisconsin.

¶ 3. The Wisconsin borrowing statute provides that, "If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state." Wis. Stat. § 893.07(1). In light of our analysis in *Landis,* we conclude that the phrase "period of limitation" in § 893.07 is ambiguous and not susceptible to a plain language application. Therefore, when the court of appeals decided in *Leverence* that the phrase "period of limitation" was unambiguous and that it absolutely excluded a foreign statute of repose, the court's decision was objectively wrong.

---

[2] All references herein to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] *See* Iowa Code Ann. § 614.1(2A) (West 1999). All references herein to the Iowa Code Annotated are to the 1999 version unless otherwise noted.

¶ 4. After engaging in the required exercise in statutory interpretation, we conclude that the phrase "period of limitation" in § 893.07 pertains equally to foreign statutes of limitation and foreign statutes of repose. The legislature did not distinguish between these different types of limitation periods when enacting § 893.07. Our interpretation comports with the clear purpose and context of § 893.07, along with a proper understanding of the Judicial Council Committee Note to § 893.07. Accordingly, Wenke's action to recover damages for injuries sustained in Iowa is barred in Wisconsin and was properly dismissed by the circuit court.

## I

¶ 5. The facts in this case are not in dispute. On September 12, 1997, Martin Wenke's right arm was severely injured while he was attempting to remove hay from the front end of a Gehl Model RB1450 baler. The injury occurred in Iowa, where Wenke was a resident. The baler was designed and manufactured by the Gehl Company, whose principal business operations are in West Bend, Wisconsin. The baler was first sold by Gehl to another Iowa resident in May 1981. Wenke and his minor son[4] commenced this products liability and negligence action in the Circuit Court for Washington County on August 18, 1999, seeking damages related to Martin Wenke's injuries.

¶ 6. On January 28, 2000, Gehl moved for summary judgment on grounds that Iowa's statute of repose prohibited Wenke's claim. Gehl argued that Iowa's

[4] Both Martin Wenke and his son, Dakota Wenke, are named plaintiffs in this action. For the sake of clarity we will refer to the plaintiffs jointly as "Wenke," unless otherwise specified.

statute of repose provides that no products liability action may be commenced more than 15 years after the product at issue was purchased.[5] Gehl argued that *Leverence,* which previously held that Wisconsin's borrowing statute has no application to a foreign state's statute of repose, was erroneously decided. The circuit court, Richard Becker, Judge, denied Gehl's summary judgment motion, concluding that *Leverence* controlled. Gehl unsuccessfully sought interlocutory review of that decision.

¶ 7. On June 8, 2001, Gehl filed a motion for reconsideration based upon this court's decision in *Aicher v. Wisconsin Patients Compensation Fund,* 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849. *Aicher* upheld the constitutionality of two Wisconsin statutes of repose, and Gehl argued that the *Aicher* holding undercut the *Leverence* decision. Judge Patrick J. Faragher, who had been assigned to the case in April 2000, denied the motion. Judge Faragher opted to defer to Judge Becker's determination, noting that *Leverence* did not rely solely on the constitutional concerns expressed in *Beard v. J.I. Case Co.,* 823 F.2d 1095 (7th Cir. 1987), and resolved in *Aicher,* but rather was based on a plain language interpretation that § 893.07 applies only to statutes of limitation.

¶ 8. On July 17, 2001, Gehl renewed its motion for reconsideration of the summary judgment decision

---

[5] If we assume that the applicable Iowa statute of repose on products liability actions does not apply (Iowa Code Ann. § 614.1(2A)), Wenke's action was commenced within the two-year limitation period for personal injury actions set forth in Iowa. *See* Iowa Code Ann. § 614.1(2). Wisconsin's general period of limitation for personal injury actions is three years. *See* Wis. Stat. § 893.54. Wisconsin does not presently impose a statute of repose for products liability claims.

based upon this court's July 3, 2001, decision in *Landis*. Gehl argued that the *Landis* decision equated statutes of limitation with statutes of repose for some purposes, nullifying the "plain language" analysis of *Leverence*. After a hearing on August 6, 2001, the circuit court concluded that it must follow the holding of *Landis* where it conflicts with *Leverence*. Thereafter, the circuit court dismissed the action and Wenke appealed.

¶ 9. After submission of the parties' briefs, the court of appeals certified the action to this court. The issue certified was whether *Landis* functionally overruled the holding of *Leverence*. Sitting with six justices, this court was divided equally on whether to affirm or reverse the circuit court's judgment. Accordingly, the court vacated the order granting certification and remanded the case to the court of appeals.

¶ 10. On remand, the court of appeals affirmed the circuit court's decision to dismiss the action. It determined that *Landis* eliminated the distinction between statutes of limitation and statutes of repose that had been perceived in *Leverence* and, accordingly, concluded that *Landis* had functionally overruled *Leverence*. *Wenke v. Gehl Co.*, 2003 WI App 189, ¶ 23, 267 Wis. 2d 221, 669 N.W.2d 789. The court of appeals concluded that *Landis,* a decision of this court, superseded *Leverence,* a decision of the court of appeals, and therefore it was bound to follow *Landis* to the extent that it conflicted with *Leverence. Id.,* ¶ 24.

¶ 11. The court of appeals decision noted that the legislature did not distinguish between statutes of limitation and statutes of repose. *Id.,* ¶ 20. Therefore, the reference to a "foreign period of limitation" in § 893.07 included both statutes of limitation and statutes of repose. *Wenke,* 267 Wis. 2d 221, ¶ 20. The court of appeals held that the circuit court was correct in

concluding that it must borrow Iowa's fifteen-year period of repose, which barred Wenke's claim. *Wenke,* 267 Wis. 2d 221, ¶ 20.[6]

¶ 12. Wenke then petitioned this court for review. We affirm.

## II

¶ 13. By enacting Wis. Stat. § 893.07, the Wisconsin legislature limited the time within which foreign causes of action may be brought in Wisconsin courts. Section 893.07 is relatively straightforward:

> Application of foreign statutes of limitation. (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.
>
> (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

---

[6] As further support for its conclusion, the court cited *Merner v. Deere & Co.,* 176 F. Supp. 2d 882 (E.D. Wis. 2001). The court of appeals pointed out that *Merner* presented facts nearly identical to this case. *Wenke,* 267 Wis. 2d 221, ¶ 21. The plaintiffs in *Merner* resided in Iowa and were injured in two incidents in Iowa by tractors manufactured in Wisconsin. *Id.* At issue was whether to apply Iowa's fifteen-year statute of repose. *Id.* The District Court for the Eastern District of Wisconsin held that *Landis v. Physicians Insurance Co.,* 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 89, decided by the highest court in Wisconsin, required that it borrow the Iowa statute. *Id.,* ¶ 22. We understand that an appeal to the Seventh Circuit Court of Appeals has been stayed pending the resolution of this case.

¶ 14. Section 893.07 operates as a legislative choice of law, directing Wisconsin courts to apply either the limitations law of the state where the cause of action arose or Wisconsin's limitations law, whichever is shorter. *Guertin v. Harbour Assurance Co. of Bermuda,* 141 Wis. 2d 622, 631, 415 N.W.2d 831 (1987); *see also Scott v. First State Ins. Co.,* 155 Wis. 2d 608, 613, 456 N.W.2d 152 (1990). In the context of tort claims, the term "foreign cause of action" refers to claims that are premised on injuries sustained outside of Wisconsin. *See Faigin v. Doubleday Dell Pub. Group, Inc.,* 98 F.3d 268, 269 (7th Cir. 1996) (applying Wisconsin law); *Guertin,* 141 Wis. 2d at 630.

¶ 15. The issue we must address is whether § 893.07 operates differently when the applicable foreign limitation period is one of repose rather than limitation. Specifically, are foreign statutes of repose excluded from application under § 893.07, even if the foreign repose period precludes the action from ever being commenced in the foreign jurisdiction? Answering this question requires us to determine the proper construction of § 893.07, which is a question of law that we review de novo. *See Landis,* 245 Wis. 2d 1, ¶¶ 12–13.

¶ 16. We do not begin this exercise with a blank slate. In *Leverence,* decided in 1990, the court of appeals answered the precise question now raised.[7] The court of

---

[7] *Leverence v. United States Fidelity & Guaranty,* 158 Wis. 2d 64, 462 N.W.2d 218 (Ct. App. 1990), was a complex case involving numerous issues and numerous named defendants, many of whom filed briefs in the court of appeals. The central issues to the case were not related to the question of applying Wis. Stat. § 893.07, as evinced by the fact that neither the petition nor cross-petition for review asked this court to review

appeals distinguished between statutes of limitation and statutes of repose for purposes of applying § 893.07:

> A period of limitation bars an action if the plaintiff does not file suit within a set period of time from the date on which the cause of action accrued. In contrast, a period of repose bars a suit a fixed number of years after an action by the defendant (such as manufacturing a product), even if this period ends before the plaintiff suffers any injury.

*Leverence,* 158 Wis. 2d at 92 (quoting *Beard v. J.I. Case Co.,* 823 F.2d at 1097 n.1). It declared that, "[I]n Wisconsin, limitations are not treated as statutes of repose." *Id.* at 91 (quoting *Maryland Cas. Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177 (1944)). The court of appeals then expressly rejected the defendants' argument that statutes of repose and statutes of limitation are without distinction in the context of § 893.07's reference to "period of limitation," and it concluded "that the plain language of sec. 893.07, Stats., refers to a period of limitation, not a period of repose . . . ." *Id.* at 93.

¶ 17. As the court of appeals noted when it first certified the issue to this court, our ruling in *Landis* appears to contradict the analysis in *Leverence.*[8] In *Landis* we held that the tolling provision of Wis. Stat.

---

the court of appeals' application of § 893.07. We ultimately denied both petitions for review.

[8] The only other time the issue of Wis. Stat. § 893.07's applicability to foreign statutes of repose was raised before this court was in *Sharp v. Case Corp.,* 227 Wis. 2d 1, 595 N.W.2d 380 (1999). However, we disposed of that case without reaching the question of whether *Leverence* correctly decided this issue, as we concluded that the foreign jurisdiction's statute of repose was not applicable to the post-sale warning claim at issue in the case. *Id.* at 13 n.5.

§ 655.44(4)[9] applies to both periods of limitation *and* periods of repose for medical malpractice claims. *Landis,* 245 Wis. 2d 1, ¶ 5. We reached this decision after concluding that the phrase "any applicable statute of limitations" in § 655.44(4) was ambiguous as to whether it included statutes of repose. *Id.,* ¶ 36. We discussed historical definitions of statutes of repose and statutes of limitation, *id.,* ¶¶ 25–36, and observed that statutes of limitation and repose share common objectives including notice to a potential defendant of when it will be required to defend a suit. *Id.,* ¶ 51; *see also Aicher,* 237 Wis. 2d 99, ¶ 27.

¶ 18. In addition, and more important to discerning the meaning of "statute of limitations" in § 655.44, we noted in *Landis* that the legislature has never denominated a period of limitation in the Wisconsin Statutes as either a "statute of repose" or a "period of repose." *Landis,* 245 Wis. 2d 1, ¶ 61. Instead, the legislature has lumped statutes of repose together with other temporal limitation statutes under various "limitations" headings. *Id.,* ¶ 61 n.14. *Landis* concluded that the term "statute of repose" is largely a judicial label for a particular type of limitation on actions. *Id.,* ¶ 5. After looking to the purpose, context, and history of Chapters 655 and 893 to discern legislative intent, the court equated statutes of limitation and statutes of repose for purposes of § 655.44(4)'s reference to "any statute of limitations." *Id.*

---

[9] Wisconsin Stat. § 655.44(4) provides:

(4) Statute of limitations. Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465(7).

¶ 19. Wenke and Gehl dispute the impact of *Landis* on the continuing viability of *Leverence*'s interpretation of § 893.07. Resolving this dispute involves more than one inquiry. *Landis* was a statutory interpretation case involving a different statute. It supplies a method of analysis. In applying the *Landis* analysis to § 893.07, we might determine that the rationale in *Leverence* was not correct, but nonetheless conclude on the basis of independent statutory construction that the holding of the case—that § 893.07 does not borrow foreign statutes of repose—is still sound.

### III

¶ 20. We must first determine whether *Leverence*'s holding regarding § 893.07 remains valid and should be applied to Wenke's claim or, conversely, whether the legal analysis underpinning that holding is objectively wrong, thereby warranting this court to conduct its own interpretation of § 893.07.

¶ 21. Wenke leans upon the doctrine of stare decisis in urging us to retain *Leverence*. The principle of stare decisis applies to the published decisions of the court of appeals, *State v. Douangmala*, 2002 WI 62, ¶ 42, 253 Wis. 2d 173, 646 N.W.2d 1; *Cook v. Cook*, 208 Wis. 2d 166, 186, 560 N.W.2d 246 (1997), and stare decisis requires us to follow court of appeals precedent unless a compelling reason exists to overrule it. *Douangmala*, 253 Wis. 2d 173, ¶ 42. Nonetheless, stare decisis contemplates that under limited circumstances our court may overrule erroneous holdings. *See Cook*, 208 Wis. 2d at 186. We are not required to adhere to interpretations of statutes that are objectively wrong. *See Douangmala*, 253 Wis. 2d 173, ¶ 42. Gehl's burden

is to show not only that *Leverence* was mistaken but also that it was objectively wrong, so that the court has a compelling reason to overrule it.

¶ 22. We begin by observing that *Leverence's* decision not to apply foreign statutes ·of repose was unquestionably influenced by the Seventh Circuit's decision in *Beard v. J.I. Case Co.*, 823 F.2d 1095 (7th Cir. 1987). *Leverence*, 158 Wis. 2d at 91–93. In *Beard,* the Seventh Circuit refused to borrow Tennessee's 10–year statute of repose under § 893.07(1) to bar a claim arising out of an accident that occurred in Tennessee involving a piece of machinery from a Wisconsin manufacturer. *Beard,* 823 F.2d at 1096, 1103. The court's decision to interpret § 893.07 to exclude a foreign statute of repose was based upon a prediction that this court would confine application of the phrase "period of limitation" to statutes of limitation. *Id.* at 1100, 1103.[10] The court said in part:

> Because the Wisconsin Supreme Court has not defined "period of limitations" as used in the borrowing statute, we are required to determine how the court would define the term if it were faced with the question. *The possibility exists that the court might hold that the borrowing statute requires the use of any provision that the jurisdiction in which the cause of action accrues would consider to be a period of limitation. However, we do not believe that the court would take this view.*

---

[10] The Seventh Circuit noted several decisions of this court that had construed Wisconsin statutes to avoid barring a plaintiff's claims before they had accrued through actual injury. *Beard,* 823 F.2d at 1101–02 (discussing *Rosenthal v. Kurtz,* 62 Wis. 2d 1, 213 N.W.2d 741 (1974); *Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 225 N.W.2d 454 (1975); *United States Fire Ins. Co. v. E.D. Wesley Co.,* 105 Wis. 2d 305, 313 N.W.2d 833 (1982)).

*Id.* at 1100 n.4 (emphasis added). The court reasoned that a narrow construction would avoid potential constitutional problems with Article I, Section 9 of the Wisconsin Constitution, which is Wisconsin's "right to remedy" provision.[11] *Id.*

¶ 23. *Beard's* concern about Article I, Section 9 was echoed by the court of appeals in *Leverence,* which pointed to "grave constitutional concerns" articulated in previous cases by this court. *Leverence,* 158 Wis. 2d at 93.

¶ 24. Subsequent to both *Beard* and *Leverence,* however, this court squelched any misgivings that statutes of repose violate Article I, Section 9. In *Aicher,* we upheld the constitutionality of two medical malpractice statutes of repose. *Aicher,* 237 Wis. 2d 99, ¶ 85. *Aicher* involved a 13–year-old who brought a medical malpractice claim against her physician's insurers, alleging that she became blind in her right eye because of malpractice following her newborn examination. *Id., ¶¶* 2, 8. The issue we ultimately addressed was whether the repose periods in Wis. Stat. §§ 893.55(1)(b) and 893.56 were constitutional.[12] *Id., ¶* 6. In overruling *Estate of*

---

[11] Article I, Section 9 of the Wisconsin Constitution provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

[12] Wisconsin Stat. § 893.55(1) provides:

> (1) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

*Makos v. Wisconsin Masons Health Care Fund,* 211 Wis. 2d 41, 564 N.W.2d 662 (1997), we held that the statutes of repose at issue did not violate the remedy for wrongs provision of the Wisconsin Constitution because the legislature had expressly chosen not to recognize rights after the conclusion of the repose periods. *Aicher,* 237 Wis. 2d 99, ¶ 54.

¶ 25. *Aicher* effectively undermined the precedent upon which *Beard* and *Leverence* rested. *Id.,* ¶ 45 (overruling *Estate of Makos v. Wis. Masons Health Care Fund,* 211 Wis. 2d 41, 564 N.W.2d 662 (1997), which in turn relied upon *Kallas Millwork v. Square D Co.,* 66 Wis. 2d 382, 225 N.W.2d 454 (1975), and *Rosenthal v. Kurtz,* 62 Wis. 2d 1, 213 N.W.2d 741 (1974), both of which were discussed in *Beard*). Without the concern about the effect of Article I, Section 9 on the constitutionality of statutes of repose, the foundation of the *Beard* decision largely disappears, and *Leverence's* reliance on that decision falls accordingly.

¶ 26. Wenke minimizes *Aicher's* effect on *Leverence* by arguing that *Leverence,* despite its extensive discussion of *Beard,* was not premised on constitutional

(a) Three years from the date of the injury, or

(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Wisconsin Stat. § 893.56 provides in the relevant portion:

Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later.

238

reservations surrounding statutes of repose; rather, it was based on a plain language analysis. To the extent that Wenke correctly characterizes *Leverence*'s holding,[13] it does not take him very far.

¶ 27. Much of the analysis in *Landis* scrutinizes other contexts in which the legislature employs statutory language referring to "statutes of limitation," or similar phraseology. Without recounting the entire analysis, we highlight some key elements. As to the ambiguity of the phrase "statute of limitation," we observed that the fifth edition of *Black's Law Dictionary,* which was the version contemporaneous with the revision of Chapter 893 in 1980, did not separately define "statutes of repose" or distinguish them from "statutes of limitation." *Landis,* 245 Wis. 2d 1,

---

[13] There is some doubt as to whether the court in *Leverence* actually analyzed the plain language of Wis. Stat. § 893.07. The court relied significantly upon *Beard* and did not even attempt to inspect the statute's plain language according to the defendant-insurers' argument that the distinction between the terms "statute of limitations" and "statutes of repose" is blurry and causes ambiguity. *Leverence,* 158 Wis. 2d at 93. In fact, the extent of the court's plain language analysis was the following:

> We conclude that the plain language of sec. 893.07, Stats., refers to a period of limitation, not a period of repose, and, even if, as the insurers suggest, the distinction between the two terms is sufficiently blurred as to result in an ambiguity, we agree with the rationale expressed in *Beard:* the Wisconsin Supreme Court has chosen a route of statutory construction that avoids potential constitutional impediments. It is, however, unnecessary to address the remedy for wrongs constitutional argument because we conclude sec. 893.07's plain language compels our result.

*Id.* (footnote omitted). These statements followed a four-paragraph discussion of *Beard.* Moreover, at no point did the *Leverence* court refer to the Judicial Council Committee Notes of Wis. Stat. §§ 893.07 and 893.05.

¶¶ 32–33. Rather, the fifth edition contained a definition of statutes of limitation that included a statement that "statutes of limitation are statutes of repose." *Id.,* ¶ 33. This definitional understanding of statutes of limitation indicates that use of the term "period of limitation" in § 893.07 could include a period of repose. *Id.,* ¶ 36.

■

¶ 28. *Landis* also observed that "the phrase 'statute of repose' is judicial terminology and is not featured in legislative lingo." *Id.,* ¶ 61.[14] When the legislature uses the term "statutes of limitation," it generally contemplates all limitation statutes, including statutes of repose. Justice Bradley's concurrence to *Landis* aptly addressed this point. Justice Bradley wrote, "the term 'statute of repose' is not part of the legislature's lexicon, but rather is a judicially created label used to describe *a particular type of limitation* on action." *Landis,* 245 Wis. 2d 1, ¶ 67 (Bradley, J., concurring) (emphasis added).

■

¶ 29. Elements of the *Landis* decision apply to this case. They negate *Leverence's* "plain meaning"

---

[14] By way of context, the entire paragraph in which this line appears reads:

> A review of Wis. Stat. Ch. 893—a chapter that substantially regulates time limitations on commencing a variety of actions—shows the legislature does not employ the phrase "statute of repose." The legislature does, however, use many other phrases to describe temporal limitations on actions. Moreover, computer database searches of the statutes show the legislature has not used the words "repose," "statute of repose," or "statutes of repose" in the text of *any* statute in force. It is apparent that the phrase "statute of repose" is judicial terminology and is not featured in legislative lingo.

*Landis,* 245 Wis. 2d 1, ¶ 61 (footnotes omitted).

analysis and suggest that descriptive phrases like "any applicable statute of limitations" and "the foreign period of limitation" in Chapter 893 are ambiguous as to whether they include statutes of repose. *Landis*, 245 Wis. 2d 1, ¶ 36. It is simply not feasible to reconcile the analysis of ambiguity in *Landis* with the cursory plain language analysis of the phrase "period of limitation" in *Leverence*.[15] We conclude that *Leverence* erred by holding that the phrase "foreign period of limitation" in § 893.07 unambiguously excludes foreign statutes of repose.

¶ 30. The rationale of *Leverence* was wiped out by the *Landis* and *Aicher* decisions. Even if we were to determine that § 893.07 properly applies only to foreign statutes of limitation and not foreign periods of repose, we could not reach that conclusion on the bases advanced in *Leverence*.[16]

---

[15] Even Wenke acknowledges that the court of appeals, if it had the benefit of *Landis* when it decided *Leverence,* might have concluded that the phrase "foreign period of limitation" contained in § 893.07(1) was ambiguous.

[16] This court did not intend in *Landis,* nor do we intend now, to equate statutes of limitation with statutes of repose *for all purposes,* including interpretation of the meaning of various statutory references. Although the tenor of *Landis* was certainly in this direction, it is critical to realize that *Landis* involved an issue of statutory construction, in which we were obligated to discern the meaning of the phrase "statute of limitations" in Wis. Stat. § 655.44. *Landis* was not, as was the decision in *Aicher v. Wisconsin Patients Compensation Fund,* 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, an exposition on the nature or validity of statutes of repose vis-à-vis statutes of limitation. In the context of statutory construction, it remains prudent to inspect on an issue-by-issue basis whether use of the phrase "statute of limitations," or some equivalent, in various statutes is understood to include statutes of repose.

¶ 31. Anticipating problems, Wenke argues to preserve the *Leverence* holding by invoking the canon of statutory construction that legislative silence following judicial interpretation of a statute demonstrates legislative acquiescence in that interpretation. *See, e.g., State v. Johnson,* 207 Wis. 2d 239, 246, 558 N.W.2d 375 (1997) (citing *State v. Eichman,* 155 Wis. 2d 552, 566, 456 N.W.2d 143 (1990)).[17] He contends that the legislature has acquiesced in the *Leverence* interpretation of § 893.07 by virtue of its inaction in legislatively "overturning" the decision. Therefore, Wenke argues, this court should refrain from disrupting the accepted interpretation of § 893.07 as excluding statutes of repose.

¶ 32. Legislative acquiescence is a familiar argument in statutory construction cases. Yet, as a principle, it is subsidiary to a more important principle—that the goal of statutory interpretation is to ascertain and give effect to the statute's intended purpose. *State v. Eesley,* 225 Wis. 2d 248, 254, 591 N.W.2d 846 (1999); *Lake City Corp. v. City of Mequon,* 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). A cardinal rule in interpreting statutes is to favor a construction that will fulfill the purpose of the statute. *Watkins v. LIRC,* 117 Wis. 2d 753, 761, 345 N.W.2d 482 (1984). Hence, the "legislative acquiescence" argument is often vulnerable to rebuttal. *See* William N. Eskridge, Jr., *Interpreting Legislative Inaction,* 87 Mich. L. Rev. 67 (1988) (discussing the competing views of legal scholars and jurists on the doctrine of legislative inaction).

---

[17] This rule of construction is a counterpart to the canon that a judicial construction of a statute becomes part of the statute unless subsequently amended by the legislature. *See, e.g., State v. Rosenburg,* 208 Wis. 2d 191, 196, 560 N.W.2d 266 (1997).

¶ 33. At most, the established rule is that "[l]egislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation." *Eichman,* 155 Wis. 2d at 566 (citing *Green Bay Packaging v. DILHR,* 72 Wis. 2d 26, 35, 240 N.W.2d 422 (1976)). Confirming approval by positive demonstration is more persuasive than "evincing" approval by doing nothing. Numerous variables, unrelated to conscious endorsement of a statutory interpretation, may explain or cause legislative inaction. These variables include the possibility that the legislature did not have its attention directed to a decision, had other priorities, or was passive or indifferent because the legislators who authored the original legislation were no longer present. *See Helvering v. Hallock,* 309 U.S. 106, 119–20 (1940) ("To explain the cause of non-action by Congress [following a judicial construction of a statute] when Congress itself sheds no light is to venture into speculative unrealities.").

¶ 34. In any event, a subsequent legislature's approval of a judicial construction is not as probative as the intent of the legislature *when it enacted the statute. See Maus v. Bloss,* 265 Wis. 627, 633–34, 62 N.W.2d 708 (1954) *overruled in part on other grounds by Lovesee v. Allied Dev. Corp.,* 45 Wis. 2d 340, 173 N.W.2d 196 (1970).[18] As explained in *Green Bay Packaging,* legislative inaction does not:

---

[18] The rule of legislative acquiescence is also at odds with the understanding that a construction placed on a statute by a different legislature from the one that enacted it is not binding upon the courts. *See State ex rel. Thompson v. Nash,* 27 Wis. 2d 183, 190, 133 N.W.2d 769 (1965).

rais[e] a conclusive presumption of tacit adoption and ratification by the legislature. The weight accorded to this evidence is overcome where this court can unequivocally conclude, as here, that the prior construction is contrary to the clear and express language of the statute. The aim of all statutory construction is to discern the intent of the legislature, and where the meaning of the statute is plain, this is better evidence of the true legislative intent than nearly complete legislative inaction following a construction by this court.

*Green Bay Packaging,* 72 Wis. 2d at 35.

¶ 35. One need not believe that reliance on legislative inaction following a judicial decision is a "canard," *Johnson v. Transp. Agency, Santa Clara County,* 480 U.S. 616, 672 (1987) (Scalia, J., dissenting), to realize that proper invocation of the doctrine of legislative acquiescence requires more than merely noting that the legislature has not amended a statute to "correct" a prior judicial construction. The doctrine of legislative acquiescence is merely a presumption to aid in statutory construction.

¶ 36. It is especially unreliable to rely on legislative inaction in this case. First, the presumption that the legislature has adopted a judicial interpretation is entitled to less weight when there is nearly complete inaction by the legislature. *See Reiter v. Dyken,* 95 Wis. 2d 461, 471, 290 N.W.2d 510 (1980). Our legislature has not amended or reenacted § 893.07 since its adoption in 1980. We have not been advised of any bill that was introduced to substantively amend this section or address the issue since *Leverence* was decided in 1990. Second, because legislators have not generally focused on the nuanced concept of statutes of repose, *Landis,*

245 Wis. 2d 1, ¶ 61 n.13, we question whether the court of appeals decision would have generated much discussion on point. Third, this court's pronouncements in pre-*Aicher* decisions regarding the questionable constitutionality of statutes of repose may have dissuaded legislators from correcting any error in the court of appeals' interpretation of § 893.07, if they had taken note of it. Finally, the primary holdings from *Leverence,* which may in fact have garnered the attention of legislators, dealt with issues that greatly overshadowed the question of whether § 893.07 borrows foreign statutes of repose. Under these circumstances, we assign little weight to inaction by the legislature.

¶ 37. In any event, the cases that Wenke cites as expounding upon the doctrine of legislative acquiescence presume that the original interpretation of the statute was not objectively wrong.[19] If statutory interpretation by a court was objectively wrong when it was made, a strained theory of legislative countenance of that interpretation by inaction will not restrict this court from correcting that interpretative error.

IV

¶ 38. Unconstrained by *Leverence's* analysis of § 893.07, we now decide, as a matter of first impression before this court, whether Wisconsin's borrowing statute applies to foreign statutes of repose. As in *Landis,* the dispute in this case is purely one of statutory

[19] Wenke cites *Reiter v. Dyken,* 95 Wis. 2d 461, 470–71, 290 N.W.2d 510 (1980); *Zimmerman v. Wis. Elec. Power Co.,* 38 Wis. 2d 626, 633, 157 N.W.2d 648 (1968); and *Bauman v. Gilbertson,* 7 Wis. 2d 467, 469–70, 96 N.W.2d 854 (1959).

construction. We must discern the meaning of the phrase "foreign period of limitation" in § 893.07. We have already explained why § 893.07's reference to "foreign period of limitation" is ambiguous. Therefore, we look to the full array of intrinsic and extrinsic factors to ascertain its meaning. These factors include the statute's scope, context, subject matter, and object, discernible from the statutory text and structure, as well as legislative history.

¶ 39. As to history, § 893.07 shares a common history with many of the provisions in Chapter 893. As we noted in *Landis,* "1979 Assembly Bill 326, which led to Chapter 323 [Laws of 1979], described itself as 'An Act . . . relating to claim procedures against government entities and employes, and *statutes of limitations.*' (emphasis added)." *Landis,* 245 Wis. 2d 1, ¶ 47. Consequently, § 893.07 was enacted as part of the same bill that created § 893.55 and § 893.56—the medical malpractice statutes of repose at issue in *Landis* and *Aicher. See* ch. 323, Laws of 1979, § 28.

¶ 40. The predecessor to § 893.07 was Wis. Stat. § 893.205 (1977–78).[20] *Unlike the present borrowing statute,* § 893.205 permitted a *Wisconsin* resident who was injured outside the state to bring an action in

_____

[20] Wisconsin Stat. § 893.205 (1977–78) provided:

Within 3 years:

(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing as provided in s. 330.19 (5), 1955 statutes, was served prior to July 1 1959, in which event s. 330.19 (5), 1955 statutes, shall apply. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

246

Wisconsin to recover damages for that injury after the limitation statute of the state of injury had expired. By contrast, the statute treated an out-of-state resident as being bound by the law of the state in which the injury occurred. This court interpreted this § 893.205 in *Central Mutual Insurance Co. v. H.O. Inc.*, 63 Wis. 2d 54, 216 N.W.2d 239 (1974). An out-of-state resident was injured in North Carolina in an explosion involving a gas cylinder manufactured in Wisconsin. This court explained that the manufacturer's defense depended on North Carolina products liability law. The court said:

> Under the present North Carolina statute, appellant's cause of action for personal injuries sustained as a result of the cylinder's explosion would be deemed to accrue at the time "the injury was discovered by the claimant, or ought reasonably to have been discovered by him." [citing North Carolina Statute]. The limitation upon the action being brought is ten years from the last act of the defendant giving rise to the claim for relief. However, this statute became effective July 21, 1971, and does not affect pending litigation.

63 Wis. 2d. at 57–58. This paragraph implies that under § 893.205 (1977–78), an applicable statute of repose would have been applied.

¶ 41. As to context, we observe that Chapter 893 itself is titled *"Limitations of commencement of actions ..."* yet it plainly contains statutes of repose. *Landis,* 245 Wis. 2d 1, ¶ 61.[21] In addition, § 893.07 is located within sub-chapter I of Chapter 893, titled

---

[21] Besides Wis. Stat. § 893.55, other examples of statutes of repose in chapter 893 include Wis. Stat. §§ 893.37 (six-year limitation on actions against persons who conduct land surveys); 893.51 (requiring an action on wrongful taking, conversion, or detention of property to be brought within six years of

"Commencement, computation, action in non-Wisconsin forum and miscellaneous provisions." From another section located within this sub-chapter, we detect a legislative decision to include both statutes of repose and statutes of limitation under the concept of "period of limitation." Wisconsin Stat. § 893.04, which deals with the computation of periods within which civil actions must be commenced, states: "*Unless otherwise specifically prescribed by law, a period of limitation* within which an action may be commenced is computed from the time that the cause of action accrues until the action *is* commenced." Wis. Stat. § 893.04 (emphasis added). Statutes of repose are precisely the type of period of limitation that is "otherwise specifically prescribed by law," since a limitation period based upon computation from some primary event or conduct by a defendant does not necessarily entail accrual because the event or conduct may not have produced a cause of action on that date.[22] By the grammatical structure of § 893.04, it is obvious that a "period of limitation" includes periods that do not begin computation based on the time the cause of action accrues, such as the period in a statute of repose. *See Hamilton v. Hamilton,* 2003 WI 50, ¶ 29, 261 Wis. 2d 458, 661 N.W.2d 832. Reading § 893.04 *in pari materia* with § 893.07, which is proper given their shared purpose and subject matter, *see State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d

when the taking or conversion occurs, or the detention begins); 893.66 (six-year limitation on actions against accountants).

[22] In *Tomczak v. Bailey,* 218 Wis. 2d 245, 578 N.W.2d 166 (1998), we stated that, if anything, a claim subject to a statute of repose limitation period "accrues" on the date of the primary conduct triggering the limitation period occurs. *Id.* at 254.

819 (1982), we assume that the legislature intended the same meaning for the phrase "period of limitation" in both sections.

¶ 42. As to the purpose of § 893.07, we again perceive a decision to apply foreign statutes of repose. "When construing statutes, courts must presume that the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute, not defeats those purposes." *Beard v. Lee Enters., Inc.,* 225 Wis. 2d 1, 22, 591 N.W.2d 156 (1999) (citing *Verdoljak v. Mosinee Paper Corp.,* 200 Wis. 2d 624, 635, 547 N.W.2d 602 (1996)). We believe that excluding statutes of repose from the scope of § 893.07 is antagonistic to the objective of the borrowing statute, which is to eliminate difficult choice of law questions, thereby promoting certainty and reducing forum shopping. *See Doe v. Am. Nat. Red Cross,* 847 F. Supp. 643, 650–51 (W.D. Wis. 1994); *Guertin,* 141 Wis. 2d at 631–32, 634–35.

¶ 43. There is no dispute that, by virtue of Wenke's injuries occurring in Iowa, this is a "foreign cause of action." *See Guertin,* 141 Wis. 2d at 630. Iowa has adopted a two-year statute of limitations for claims on injuries to a person. Iowa Code Ann. § 614.1(2). However, Iowa also forbids any actions brought against the manufacturer of a product allegedly causing injury if the action is brought more than 15 years after the product was first purchased. Iowa Code Ann. § 614.1(2A). If Wenke had brought his action in Iowa, he could have done so within two years of his injury (thereby satisfying Iowa Code Ann. § 614.1(2)), but he could not have commenced the action within 15 years after Gehl first sold the baler in 1981.

¶ 44. Therefore, Wenke is attempting to sustain claims on a cause of action that had been extinguished

under Iowa law. Allowing Wenke's claim to go forward in Wisconsin would encourage forum shopping and would provide a non-resident of Wisconsin with a longer limitation period in which to bring a suit than he or she would have in the state in which the injury occurred. As this court explained when it first interpreted § 893.07, "The manifest intent of the legislature in enacting this borrowing statute was to adopt *the shortest possible limitation period* for actions litigated in this state potentially subject to more than one statute of limitations." *Guertin,* 141 Wis. 2d at 631 (emphasis added). In making this statement, we expressly noted that a reduction of forum shopping is one of the policies advanced by the borrowing statute. *Id.*[23] Wenke's attempt to commence this action in Wisconsin epitomizes forum shopping, and validating his action would disregard one of the clear purposes of § 893.07.[24]

¶ 45. Indeed, were we to adopt Wenke's argument and determine that § 893.07 does not cover a foreign statute of repose, there would theoretically be no limit on the time when a products liability suit could be brought in Wisconsin, so long as Wisconsin had no

_____

[23] We also noted the policies of preventing stale claims, expediting litigation, and removing the uncertainty in assessing the timeliness of bringing actions in Wisconsin. *Guertin v. Harbour Assurance Co. of Bermuda,* 141 Wis. 2d 622, 631–32, 415 N.W.2d 831 (1987).

[24] Wenke argues that this is a forum-selection case, not an instance of forum shopping. We question this characterization. As Wenke concedes, this action could not be brought in Iowa, nor has Wenke identified any other jurisdiction in which he could bring this action in satisfaction of both personal and subject matter jurisdiction, and within any applicable statutes of limitation. For there to be a "selection" requires that there be at least one competing option,

statute of repose and the hypothetical plaintiff satisfied the applicable time limit for filing suit after a cause of action accrued (*e.g.*, in Iowa, two years). For instance, if a Gehl baler sold in 1981 were still being used in 2012 outside Wisconsin and the baler were associated with an accident, suit could still be brought in Wisconsin if we adopted Wenke's argument. This would be more than three times longer than a suit could be filed in Tennessee or Indiana, *see Beard,* 823 F.2d at 1097, 1100, and twice as long as the suit could have been filed in Iowa. And we do not have to resort to hypotheticals. In *Merner v. Deere & Co.,* 176 F. Supp. 2d 882 (E.D. Wis. 2001), the case now pending in the Seventh Circuit, the plaintiff is seeking to recover for injuries associated with a lawn tractor first sold by a Wisconsin company to an Iowa resident in 1972. *Wenke,* 267 Wis. 2d 221, ¶ 21.

¶ 46. To counteract these strong indications of a legislative determination to include foreign periods of repose under the scope of § 893.07, Wenke points to the Judicial Council Committee Notes for §§ 893.05 and 893.07. The Committee Note accompanying § 893.07 provides, in relevant part:

> Subsection (1) applies the provision of s. 893.05 that the running of a statute of limitations extinguishes the right as well as the remedy to a foreign cause of action on which an action is attempted to be brought in Wisconsin in a situation where the foreign period has expired. Subsection (1) changes the law of prior s. 893.205(1), which provided that a resident of Wisconsin could sue in this state on a foreign cause of action to recover damages for injury to the person even if the foreign period of limitation had expired.

Judicial Council Committee Note, 1979, § 893.07, Stats. This Committee Note refers to § 893.05, titled "Relation of statute of limitations to right and remedy," which

provides: "When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy." The Committee Note accompanying § 893.05 provides:

This new section is a codification of Wisconsin case law. *See Maryland Casualty Company v. Beleznay*, 245 Wis. 390, 14 N.W.2d 177 (1944), in which it is stated at page 393: "In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for *in Wisconsin limitations are not treated as statutes of repose.* The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection."

Judicial Council Committee Note, 1979, § 893.05, Stats. (emphasis added).

¶ 47. Wenke is correct in examining these notes to assist in statutory interpretation.[25] His error comes from misunderstanding the notes.

¶ 48. The Judicial Council Committee Notes do not support Wenke's assertion. The linchpin of Wenke's argument is that the Wisconsin case law codified by § 893.05 stands for the proposition that limitation pe-

---

[25] Wisconsin Stat. § 893.07, as with § 893.05, originated through the Judicial Council, which is a statutory, independent judicial agency that often acts in an advisory capacity to assist the supreme court in exercising its authority to promulgate rules regulating pleading, practice, and proceedings in Wisconsin courts. *See Waters ex rel. Skow v. Pertzborn,* 2001 WI 62, ¶ 20 n.5, 243 Wis. 2d 703, 627 N.W.2d 497 (citing Wis. Stat. § 751.12); *see also* Wis. Stat. § 758.12. Although the Judicial Council Committee's Notes are not controlling authority, they are persuasive authority for the meaning of procedural rules. *See State v. Williquette,* 190 Wis. 2d 677, 692–93, 526 N.W.2d 144 (1995).

riods that operate as statutes of repose are outside the scope of § 893.05 and—by virtue of some incorporation by reference—outside the scope of § 893.07. Wenke's premise is unfounded, for he has taken the concept embodied in § 893.05, which is reflected in the Committee Notes to §§ 893.05 and 893.07, and has fundamentally misconstrued it.

¶ 49. In a sense, we can hardly blame Wenke for this error. The language of these Committee Notes does appear, on its face, to speak exactly to Wenke's construction of both §§ 893.05 and 893.07. Moreover, Wenke's error is the by-product of a largely unperceived shift in the meaning attached to the phrase "statute of repose."

¶ 50. Over the years the term "statute of repose" has been defined in a variety of ways. *See* Francis E. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose,* 30 Am. U. L. Rev. 579, 582–87, 621 (1981). Two competing definitions are at play in the dispute over the meaning of § 893.05. The first definition is the modern definition, which recognizes the term "statute of repose" as a judicial description *of a certain type of limitation period* that operates differently from an ordinary statute of limitation. We acknowledged this operational distinction last term in *Hamilton,* stating:

> Statutes of repose operate differently from statutes of limitations. A statute of limitations usually establishes the time frame within which a claim must be initiated after a cause of action actually accrues. A statute of repose, by contrast, limits the time period within which an action may be brought based on the date of an act or omission. A statute of repose does not relate to the accrual of a cause of action. In fact, it may cut off litigation *before* a cause of action arises.

*Hamilton,* 261 Wis. 2d 458, ¶ 29 (citations omitted).

Based on this distinction, when the court of appeals in *Leverence* stated the functional difference between statutes of repose and of limitation, *Leverence,* 158 Wis. 2d at 92, it did so accurately. This understanding of "statutes of repose," as distinguished from statutes of limitation, is the common meaning followed today.

¶ 51. When the *Leverence* court stated, "in Wisconsin, limitations are not treated as statutes of repose," *id.* at 91, it was again stating accurately a fundamental precept of Wisconsin law. The problem is that the precise nature of this precept is *not* what the court of appeals implied.

¶ 52. For many decades, the majority rule in this country provided that "statutes of limitations are statutes of repose." This rule was declared in legions of cases both predating and following our 1944 decision in *Maryland Casualty.*[26] In the vast majority of these

---

[26] *See, e.g., United States v. Kubrick,* 444 U.S. 111, 117 (1979); *Weber v. Bd. of Harbor Comm'rs,* 85 U.S. (18 Wall.) 57, 70 (1873); *Pillow v. Roberts,* 54 U.S. (1 How.) 472, 477 (1851); *Titus v. Wells Fargo Bank & Union Trust Co.,* 134 F.2d 223, 224 (5th Cir. 1943); *Cent. Pac. Ry. v. Costa,* 258 P. 991, 999 (Cal. App. 1927); *Cassell v. Lowry,* 72 N.E. 640, 641 (Ind. 1904); *Van Diest v. Towle,* 179 P.2d 984, 989 (Colo. 1947); *Gabrielle v. Hosp. of St. Raphael,* 635 A.2d 1232, 1236 (Conn. App. 1994); *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1202 (D.C. 1984); *Burns v. Burns,* 11 N.W.2d 461, 462–63 (Iowa 1943); *Lenawee County v. Nutten,* 208 N.W. 613, 614 (Mich. 1926); *Gregoire v. G.P. Putnam's Sons,* 81 N.E.2d 45, 47 (N.Y. 1948); *Seitz v. Jones,* 370 P.2d 300, 302 (Okla. 1961); *Openhowski v. Mahone,* 612 N.W.2d 579, 582 (S.D. 2000); *Templeman's Adm'r v. Pugh,* 46 S.E. 474, 475 (Va. 1904). The foregoing cases are only a sample of a large number of federal and state court decisions stating that a statute of limitations is a statute of repose.

Subsequent to *Maryland Casualty Co. v. Beleznay,* 245 Wis. 390, 14 N.W.2d 177 (1944), even this court indicated that the

declarations, courts were *not* applying limitation periods that operated as statutes of repose (such as Iowa's statute of repose for products liability), nor was any distinction being made between statutes that *operate* as traditional statutes of limitation, based on accrual, and those that operate as statutes of repose. This is why, as we noted in *Landis,* the fifth edition of *Black's Law Dictionary* stated in its definition of "statutes of limitations" that "statutes of limitations are statutes of repose." *Landis,* 245 Wis. 2d 1, ¶ 33 (quoting *Black's Law Dictionary* 835 (5th ed. 1979)).[27]

¶ 53. Because these declarations from older authority are inconsistent with our modern understanding of statutes of repose, they must have had some alternative meaning. Indeed, when looking at cases,[28]

---

purported longstanding judicial distinction between statutes of limitation and statutes of repose does not exist. In *Ash Realty Corp. v. City of Milwaukee,* 25 Wis. 2d 169, 130 N.W.2d 260 (1964), we stated, "the policy of the law [is] that some reasonable lapse of time should end all controversies . . . . This is the philosophy of statutes of limitation. They are therefore called 'statutes of repose.' " *Id.* at 176 (quoting *Oconto Co. v. Jerrard,* 46 Wis. 317, 326, 50 N.W. 591 (1879)).

[27] This same language is also located in the third edition of *Black's Law Dictionary,* which was the version available when *Maryland Casualty* was decided. *Black's Law Dictionary* 1119 (3d ed. 1933).

[28] *See, e.g., McMillan v. Wehle,* 55 Wis. 685, 13 N.W. 694 (1882) (explaining that a limitations period, in a case involving adverse possession and the recording of a tax deed, was a "statute of repose, giving perfect security to the possessor, and terminating all inquiry on the part of any who might otherwise question his title or disturb the possession").

legal dictionaries,[29] and treatises[30] that either precede or are contemporaneous with the *Maryland Casualty* decision, one realizes that a second meaning of "statute of repose" was intended by the Committee Note to § 893.05.

¶ 54. Before the contemporary concept of "statutes of repose" became popular, the term "statute of

[29] *See Ballentine's Law Dictionary* 1233 (2d ed. 1930) (defining "statutes of repose" as "Statutes of limitation, fixing the period of time after a cause of action has accrued, within which an action thereon must be brought, are often referred to as statutes of repose"); *see also* 2 *Pope's Legal Definitions* 1518 (1920) (equating statutes of limitations with statutes of repose).

[30] A popular treatise on limitations law in the United States during the late 1800s and early 1900s makes clear the understanding of the *Maryland Casualty* statement. According to the fourth edition of *Wood on Limitations,* published in 1916: "The weight of authority now is that the statute of limitations as to personal actions affects only on the remedy, and does not extinguish the right. . . . They only apply to the remedy, without canceling the obligation." 1 *Wood on Limitations* § 1 (4th ed. 1916) (footnotes omitted). Later, the relevant distinction is further described:

> [Statutes of limitation] are rules deemed demanded by the soundest principles of public policy, and are now favorably regarded as statutes of repose, the object of which is to prevent fraudulent and stale claims from springing up after a great lapse of time. The statute of limitation is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation be presumed to have been paid . . . .
>
> . . . .
>
> Statutes of limitation are regarded as statutes of repose, and not presumption. The theory of statutes of limitation is that they do not affect the right, but simply destroy the remedy for the assertion of the right in court, for the purposes of quieting title and preserving the peace of society.

*Id.* at § 4 (footnotes omitted).

repose" was commonly used to refer to general limitations periods that simply provided peace, or "repose," to potential litigants, taking away the remedy for an otherwise valid claim. A modern court has aptly explained how this understanding evolved:

> *Early treatise writers and judges considered time bars created by statutes of limitations, escheat and adverse possession as periods of repose.* As the courts began to modify statutory limitations by applying the "discovery rule," legislatures responded by enacting absolute statutes of repose. *Modern limitations and statutes of repose are similar because they both provide repose for the defendant.* Yet, they are significantly different since a statute of limitation merely extinguishes the plaintiff's remedy while a statute of repose bars a cause of action before it arises.

*Reynolds v. Porter,* 760 P.2d 816, 819–20 (Okla. 1988) (footnotes omitted) (emphasis added).

¶ 55. This explanation is helpful. To repeat, in most states, "a statute of limitation merely extinguishes the plaintiff's remedy." *Id.* This, however, was not and is not the law in Wisconsin. In Wisconsin, we adopted the minority proposition that "the limitation of actions is a right as well as a remedy, *extinguishing the right on one side* and creating a right on the other." *Maryland Casualty,* 245 Wis. at 393 (emphasis added).[31] That is

---

[31] To be sure, *Maryland Casualty* was not the first Wisconsin decision to announce that the running of a statute of limitation destroys both the remedy and the right to the claim. *See, e.g., Whereatt v. Worth,* 108 Wis. 291, 299–300, 84 N.W. 441 (1900); *Eingartner v. Illinois Steel Co.,* 103 Wis. 373, 378, 79 N.W. 433 (1899); *Brown v. Parker,* 28 Wis. 21, 27–28 (1871); *Sprecher v. Wakeley,* 11 Wis. 451, 456 (1860); *see also Haase v. Sawicki,* 20 Wis. 2d 308, 312, 121 N.W.2d 876 (1963) (citing other pre-1944 cases). This court has recognized that our

why the *Maryland Casualty* court stated that "in Wisconsin limitations are not treated as statutes of repose." Under Wisconsin law, "statutes of limitation [are viewed as] substantive statutes because they create and destroy rights." *Betthauser v. Med. Protective Co.*, 172 Wis. 2d 141, 149, 493 N.W.2d 40 (1992). The language from *Maryland Casualty* was actually expressing that all Wisconsin limitations periods are *more than* merely statutes providing "repose," because that kind of "repose" would not be substantive in effect.[32]

¶ 56. We have extensively reviewed Wisconsin cases that have invoked the term "statute of repose" and conclude that its use at the time of *Maryland Casualty,* which is the proper context of the Committee Note to § 893.05, was merely to describe limitation periods that apply only to bar an available remedy, not affect sub-

---

treatment of statutes of limitations is the minority view. *See In re Hoya's Will,* 173 Wis. 196, 207, 180 N.W. 940 (1921); *Hite v. Keene,* 149 Wis. 207, 213, 134 N.W. 383 (1912).

[32] *See Adams v. Albany,* 80 F. Supp 876, 881 (S.D. Cal. 1948) ("Statutes of limitation are mere statutes of repose. They affect the remedy only. The passage of time does not destroy the obligation. It still exists."); *Carwood Realty Co. v. Gangol,* 232 S.W.2d 399, 401 (Mo. 1950) (describing Missouri statute as "one of 'repose,' meaning, in legal parlance, that it simply precludes the bringing of an action to enforce rights, it affects the remedy only and may not be employed in securing affirmative relief"); *Schmucker v. Naugle,* 231 A.2d 121, 123 (Pa. 1967) ("[T]he defense of statute of limitations is not a technical defense but substantial and meritorious. Such statutes are not only statutes of repose, but they supply the place of evidence lost or impaired by lapse of time, by raising a presumption, which renders proof unnecessary."). This understanding also explains the statement in *Strassman v. Muranyi,* 225 Wis. 2d 784, 792, 594 N.W.2d 398 (Ct. App. 1999), that "[s]tatutes of limitations serve a much different purpose than simply providing notice and repose."

stantive rights.[33] Many of our early twentieth century Wisconsin cases distinguishing "statutes of limitation" from "statutes of repose" dealt with claims related to probate proceedings, *see, e.g., Weiss v. First Nat. Bank of Monroe,* 224 Wis. 192, 271 N.W. 918 (1937), tax deed and title claims, *see, e.g., Laffitte v. City of Superior,* 142 Wis. 73, 125 N.W. 105 (1910),[34] and other debt collection matters, *see, e.g., Heifetz v. Johnson,* 61 Wis. 2d 111, 211 N.W.2d 834 (1973). These issues are precisely where the difference between the Wisconsin view and majority view of statutes of limitation is the most relevant. *See* 51 Am. Jur. 2d *Limitation of Actions* §§ 25–29 (2003). In all, the longstanding judicial distinction between statutes of limitation and statutes of repose alluded to in

---

[33] The best example of this understanding is found in a 1921 decision of this court:

> There is no question raised here as to the general rule that a person accepting such a trust as executor becomes thereby chargeable in some way with existing obligations of his to the estate he undertakes to administer.
>
> There is a conflict of authorities as to whether or not the same rule applies as to obligations against which a statute of limitations had run during the lifetime of the testator. The general line of authorities holding that the statute of limitations does not bar the application of such general rule is held in those jurisdictions *wherein the statute of limitations is considered merely a statute of repose applying to the remedy only,* while the contrary view is maintained where it is considered that the statute of limitations destroys the right of action itself and gives rise to a new property right in the debtor. This latter view as to the statute of limitations has been repeatedly asserted by this court, although such view is deemed to be contrary to that of many of the sister states and of the United States Supreme Court.

*In re Hoya's Will,* 173 Wis. at 207–08 (emphasis added).

[34] *Weiss* and *Laffitte* are notable since they are the two cases cited by *Maryland Casualty* as authority for the statements quoted in the Committee Note to § 893.05.

259

the Note to Wis. Stat. § 893.05 has nothing to do with how the two concepts are differentiated today. Rather, it relates solely to *the effect* of a limitation period—any limitation period—expiring.

¶ 57. A look at the modern understanding of the term "statute of repose" also reveals that, in Wisconsin, statutes of repose and statutes of limitation are the same in terms of the effect of a period expiring.[35] A clear majority of American courts have held that statutes of repose are substantive,[36] while statutes of limitation are ordinarily procedural in nature and affect only the availability of a remedy for a litigant. *See* 51 Am. Jur. 2d *Limitation of Actions* § 22 (1970 current through 2000). A passage from a Fourth Circuit Court of Appeals decision offers a concise explanation.

> In contrast to statutes of limitation, statutes of repose serve primarily to relieve potential defendants from anxiety over liability for acts committed long ago.

[35] In one decision of this court, we referred to a period of limitation that clearly operated as a "statute of repose," in the modern sense, as a "statute of limitation." *See Shaurette v. Capitol Erecting Co.,* 23 Wis. 2d 538, 128 N.W.2d 34 (1964) (referring repeatedly to Wis. Stat. § 330.155 (1961), which bars certain actions on personal injuries from being brought more than six years after the design, planning, or construction of an improvement to real property, as a "statute of limitations").

[36] *See, e.g., Myers v. Hayes Int'l Corp.,* 701 F. Supp. 618, 623–24 (M.D. Tenn. 1988) (citing cases); *Bryant v. Don Galloway Homes, Inc.,* 556 S.E.2d 597, 600 (N.C. App. 2001); *Cronin v. Howe,* 906 S.W.2d 910, 913–14 (Tenn. 1995) (citing cases); 51 Am. Jur. 2d *Limitation of Actions* § 32 (1970 current through 2000); *see also* Craig W. Palm, *The Constitutionality of Section 27A of the Securities Exchange Act: Is Congress Rubbing Lampf the Wrong Way?,* 37 Vill. L. Rev. 1213, 1222 n.25 (1992) ("[S]tatutes of repose are characterized by the majority of jurisdictions as substantive") (citing cases.).

> *Statutes of repose make the filing of suit within a specified time a substantive part of plaintiff's cause of action.* In other words, where a statute of repose has been enacted, the time for filing suit is engrafted onto a substantive right created by law. The `distinction between statutes of limitation and statutes of repose corresponds to the distinction between procedural and substantive laws. Statutes of repose are meant to be "a substantive definition of rights as distinguished from a procedural limitation on the remedy used to enforce rights." Statutes of limitation serve interests peculiar to the forum, and are considered as going to the remedy and not the fundamental right itself.

*Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir. 1987) (citations omitted) (emphasis added). Because of the substantive nature of statutes of repose, courts have treated the effect of the period expiring to be jurisdictional.[37] Consistent with this view, other courts have expressly held that the running of a statute of repose creates a vested right not to be sued.[38]

¶ 58. What our survey of the law reveals is that most jurisdictions recognize the running of a statute of limitation as being procedural (affecting only the availability of a remedy), while some others, including Wisconsin, treat the running of a statute of limitation as substantive. Nearly all jurisdictions treat the expiring of modern statutes of repose as substantive. Given this established jurisprudence, it would be extremely

---

[37] *See, e.g., Hinkle v. Henderson,* 85 F.3d 298, 302 (7th Cir. 1996). *But see First Interstate Bank of Denver v. Cent. Bank & Trust Co. of Denver,* 937 P.2d 855, 861 (Colo. App. 1996) (statute of repose, though substantive, was not a jurisdictional requirement and could be waived).

[38] *See, e.g., Nolan v. Paramount Homes, Inc.,* 518 S.E.2d 789, 792 (N.C. App. 1999).

odd for this court to adopt the nearly non-existent view that the running of a statute of repose is not substantive in effect, while adopting the minority view that the running of a statute of limitation is substantive in effect and generates a protected property interest.

¶ 59. In Wisconsin, the relevant distinction between the concepts of statutes of limitation and statutes of repose is in *how* the limitation period is computed; they are not different in ultimate effect. Statutes of limitation and statutes of repose are not different for purposes of applying Wisconsin's borrowing statute on limitation periods, nor for purposes of extinguishing both the right and remedy of relief. There is no reason to conflate these matters by taking the quote from *Maryland Casualty* out of context. The Judicial Council Committee Notes to §§ 893.07 and 893.05—understood in their proper context—do not establish a legislative intent to exclude from the scope of § 893.07 a foreign period of limitation that operates as a statute of repose.[39]

_____

[39] The dissent professes that we are rewriting the statute and revising the intent of the legislature. Dissent, ¶ 98. On the contrary, the plain language *of the statute* refers to "the foreign period of limitation," not to the "foreign statute of limitation." Consistent with *Landis,* we must discern the meaning intended by use of this phrase or by use of the term "statute of limitation" in other contexts. The dissent contends that the Judicial Council Note embodies a clear legislative intent that Wis. Stat. § 893.07 not apply to foreign periods of limitation that operate as statutes of repose. The Note, which is not part of the statute, only refers to statutes of repose by quoting a proposition from a 1944 case of this court. Clearly, if we are to use this language to interpret § 893.07, we are obligated to discern the meaning of the phrase being quoted and adopted as part of the Note. For the reasons explained in this opinion, it is simply mistaken to attribute any meaning to the term "statute of repose" in the

¶ 60. Wenke makes an additional argument that *Landis* focused some of its analysis on the fact that § 655.44(4) has the word "any" immediately preceding the phrase "applicable statute of limitations," while § 893.07 applies to "*the* foreign period of limitation." He suggests that the legislature, if it had intended to include every limitation period in the borrowing statute, would have written, "If an action is brought in this state on a foreign cause of action and *any* foreign period of limitation which applies has expired, no action may be maintained in this state."

¶ 61. We are not convinced. The reason *Landis* emphasized the term "any" was because it dealt with a tolling provision that contemplates having an effect on *multiple* limitation schemes. By contrast, § 893.07(1) zeroes in on *one* applicable limitation period, because only one limitation period will effectively apply to a cause of action. If Wenke had brought his action in Iowa, his suit would have been governed by Iowa Code § 614.1(2A), not Iowa Code § 614.1(2).

¶ 62. Wisconsin Stat. § 893.07 directs courts to use "the foreign *period* of limitation *which applies*." The singular form of "period" indicates that the statute of repose in Iowa Code § 614.1(2A) is the period "which applies." Wenke's interpretation of § 893.07 asks us to borrow Iowa Code § 614.1(2), the foreign period of limitation that does not apply. This interpretation eliminates statutes of repose from the phrase "period of limitation" by ignoring Iowa law on the limitation of actions.

---

*Maryland Casualty* case, quoted in the Judicial Council Note, other than that which we have conclusively established.

263

¶ 63. This preceding discussion reveals how *Leverence* created an artificial distinction between periods of limitation and periods of repose for purposes of § 893.07. Instead of following this unwarranted distinction, we believe that the meaning of the phrase "foreign period of limitation which applies" in § 893.07(1) refers to "the period of limitation," as defined by the foreign jurisdiction, which governs the case in the foreign state. If application of this rule includes a limitation period that operates as a statute of repose, so be it. Wisconsin courts traditionally recognize the principle that, once a cause of action is determined to be "foreign," the borrowing statute adopts as Wisconsin law the law on limitations of the foreign state, if that prescribed law is shorter. *See Guertin,* 141 Wis. 2d at 631.

¶ 64. Nonetheless, Wenke suggests that we should give weight to our decision in *Scott,* and the Wisconsin Academy of Trial Lawyers argues that including foreign statutes of repose under § 893.07(1) will necessitate the overruling of *Scott.* We disagree. *Scott* is inapposite to the present controversy, and our conclusions today are consistent with its holding.

¶ 65. In *Scott,* the plaintiff sustained injuries while he was a minor in Alberta, Canada, and he thereafter brought an action in Wisconsin against Wisconsin defendants involved in designing and manufacturing the equipment connected to the injury. *Scott,* 155 Wis. 2d at 611–12. The claim was commenced after the expiration of Alberta's two-year statute of limitation, made applicable to the action under § 893.07. *Id.* at 613–14. We concluded that the Alberta statute of limitation was tolled under § 893.16(1), Wisconsin's tolling

statute for persons under disability.[40] We did not borrow Alberta's tolling provision.[41] *Id.* at 616. In so holding, we rejected the defendants' contention that § 893.16(1) applied only to Wisconsin causes of action and not to foreign causes of action under § 893.07(1), explaining:

> The text of the statutes does not support the defendants' contention. Section 893.16(1) makes no distinction between a domestic and foreign cause of action; it expressly states that the tolling provisions apply to a person entitled to bring an action who is a minor when the cause of action accrued .... Nothing in sec. 893.16(1) renders the tolling provisions inapplicable to sec. 893.07(1) or to a foreign jurisdiction's statute of limitations incorporated in the law of Wisconsin through 893.07(1).

*Scott,* 155 Wis. 2d at 615.

¶ 66. Contrary to the arguments of Wenke and the Academy, Iowa's applicable statute of repose is not analogous to the Alberta tolling provision at issue in *Scott.* Tolling provisions operate to stall the running of an applicable limitation period. They are not properly understood as limitation periods themselves. *See Betthauser,* 172 Wis. 2d at 153 (stating that when the legislature changes a tolling period it does not create a

---

[40] Under the tolling provisions of Wis. Stat. § 893.16(1), if a person entitled to bring an action is under the age of 18 when a cause of action accrues, the action may be commenced within two years after the person reaches the age of majority. Wis. Stat. § 893.16.

[41] Under Alberta law at the time, the tolling provisions for minors did not apply to a minor "in actual custody of his parents." *Scott v. First State Ins. Co.,* 155 Wis. 2d 608, 613 n.3, 456 N.W.2d 152 (1990) (citing Chapter L-15, Part 9, sec. 59, Alta. Rev. Stat. (1980)).

new statute of limitation). Wenke's argument in reliance on *Scott* puts the cart before the horse. The tolling provision in *Scott* was applied *only after* we had already adopted Alberta's applicable statute of limitation, as was required under § 893.07(1). *Id.* at 613. We then stated: "through the operation of sec. 893.07(1) the Alberta period of limitation becomes a statute in chapter 893 limiting the time for commencement of an action." *Id.* at 616. Statutes of repose are not equivalent to tolling provisions, and therefore *Scott* has no application to the issue of whether a particular type of limitation period is borrowed by § 893.07(1).

¶ 67. Finally, it is of no concern that the Wisconsin legislature has declined to adopt its own statute of repose for product liability actions. *See Kozlowski v. John E. Smith's Sons Co.,* 87 Wis. 2d 882, 902, 275 N.W.2d 915 (1979) (recommending that the legislature adopt a period of repose for products liability actions). A borrowing statute, by its very nature, contemplates that foreign jurisdictions will follow limitation periods that vary from those recognized in Wisconsin. In the context of § 893.07(1), the reality that Wisconsin, unlike Iowa, has not adopted a statute of repose for product liability actions is of no greater significance than Iowa having adopted a two-year limitation period for personal injury actions, Iowa Code § 614.1(2), while Wisconsin has opted for a three-year statute of limitation, Wis. Stat. § 893.54. Both Wisconsin and Iowa have made public policy choices as to the appropriate length of limitations on certain actions. Section 893.07 simply instructs that Wisconsin courts adhere to the policy reflected in the shortest applicable limitations period, whether it be from Wisconsin or Iowa.

## V

¶ 68. Wenke raises the issue whether this ruling should be applied prospectively only. If we employed prospective application, the rule including periods of repose within the term "period of limitation" would not apply to this case, and Wenke's claim could go forward. Thus, Wenke and other plaintiffs in similar pending cases would escape the effect of this ruling. Conversely, Gehl argues that our decision should follow the traditional rule of retroactive application. If we adhere to the rule of retroactive application, Wenke's claim is barred by Iowa's statute of repose.

¶ 69. In civil cases, we presume retroactive application. *Browne v. WERC,* 169 Wis. 2d 79, 112, 485 N.W.2d 376 (1992). Wisconsin courts generally adhere to the "Blackstonian Doctrine," which asserts that "a decision which overrules or repudiates an earlier decision is retrospective in operation," *Fitzgerald v. Meissner & Hicks, Inc.,* 38 Wis. 2d 571, 575, 157 N.W.2d 595 (1968). Nonetheless, because retroactive application might be inequitable in certain rare situations, we have recognized that, occasionally, the better course is to apply a rule prospectively. *State ex rel. Brown v. Bradley,* 2003 WI 14, ¶ 17, 259 Wis. 2d 630, 658 N.W.2d 427; *Jacque v. Steenberg Homes, Inc.,* 209 Wis. 2d 605, 624, 563 N.W.2d 154 (1997).[42]

---

[42] The practice of applying a judicial decision prospectively has been referred to as "sunbursting." *See Jacque v. Steenberg Homes,* Inc., 209 Wis. 2d 605, 623 n.5, 563 N.W.2d 154 (1997) (explaining that "sunbursting" is not an illustrative term but in fact originates from a United States Supreme Court case captioned *Great Northern Railway Company v. Sunburst Oil & Refining Co.,* 287 U.S. 358 (1932)).

¶ 70. In *Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 108, 280 N.W.2d 757 (1979), we recognized that retrospective application of a judicial holding is a question of policy, not constitutional law. *Kurtz* found applicable the three-factor inquiry set forth by *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106 (1971), where the United States Supreme Court acknowledged that three separate factors bear on the issue of retroactive versus prospective application of a judicial holding. *Bradley,* 259 Wis. 2d 630, ¶ 13.

¶ 71. *Chevron's* three factors are: (1) whether the decision "establish[es] a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;" (2) whether retroactive application would further or retard the operation of the new rule; and (3) whether retroactive application could produce substantial inequitable results. *Id.,* ¶ 15 (citing *Chevron,* 404 U.S. at 106).

¶ 72. As to the first factor, Wenke asserts that he relied on *Leverence,* and, while *Landis* may have foreshadowed the demise of *Leverence,* this case began almost two years before that decision. Putting to one side the fact that *Landis* foreshadowed this decision three years ago, and the fact that three members of the court voted to recognize the abrogation of *Leverence* the first time we heard this case on certification—both of which forecast *Leverence's* precarious position—we acknowledge that Wenke might reasonably have relied on *Leverence* when he initiated this action. However, reliance on an old rule in filing a lawsuit is not the type of reliance of which this court is concerned when deciding whether sunbursting is warranted. "When tort law is

changed, the court is concerned about exposing many individuals and institutions to liability who would have obtained liability insurance had they known they would no longer enjoy immunity." *Jacque,* 209 Wis. 2d at 625 (citing *Harmann v. Hadley,* 128 Wis. 2d 371, 381, 382 N.W.2d 673 (1986)). The reliance here is very different and does not overcome the presumption of retroactive application.

¶ 73. The other factors do not support Wenke. In considering the second factor, retroactive application will further, not retard, the operation of the interpretation announced in this case. As we noted above, the specific objective embodied in § 893.07 is to adopt the shortest possible limitation period for actions potentially subject to more than one period of limitation. *See Guertin,* 141 Wis. 2d at 631. If we were to apply this decision as Wenke requests, our action would dramatically compromise this objective. In contrast, following the presumption of retroactivity by applying Iowa's statute of repose comports with the underlying goal of § 893.07 by adopting the shorter limitation period. This factor weighs strongly in favor of retroactive application.

¶ 74. Finally, with respect to the third *Chevron* factor, we must consider whether substantial inequity would result from retroactive application. Wenke essentially rehashes his reliance position under the first *Chevron* factor, but also folds into his argument other similarly situated plaintiffs, thereby recasting his argument in terms of equity. He contends that retroactive application will be inequitable to him and other plaintiffs because he and others have relied on the precedent of *Leverence.* While we recognize that applying our ruling in its presumed fashion, retroactively, will pre-

vent certain plaintiffs from bringing claims, we must consider whether any hardship or injustice will befall Gehl also. *Jacque,* 209 Wis. 2d at 625–26. "Retroactivity is usually justified as a reward for the litigant who has persevered in attacking an unsound rule." *Id.* When we factor in the injustice that would result to Gehl, we do not find adequate justification for sunbursting our decision.

¶ 75. Because we have not been presented adequate grounds for applying our ruling prospectively, and because we presume retroactivity, our ruling today applies to Wenke.[43]

## VI

¶ 76. There are compelling reasons not to adhere to the decision in *Leverence.* First, the two bases for the *Leverence* decision have been wiped out. Second, after conducting a thorough exercise of statutory interpretation, we conclude that Wis. Stat. § 893.07 dictates a different result from the result reached in *Leverence,* and that a different result is consistent with the statute's purpose. Third, to firm up the second point, the purpose of the statute would be thwarted if we did not overrule *Leverence* on the point at issue. Fourth, a statute of repose extinguishes a cause of action and creates a substantive right for a defendant who might

---

[43] The Supreme Court has abandoned the three-prong *Chevron* standard for retroactivity in civil cases in favor of a simplified analysis in *Harper v. Virginia Department of Taxation,* 509 U.S. 86 (1993). Even if we followed the *Harper* approach, we would nonetheless apply this ruling retroactively, as *Harper* disavows any exceptions to the rule of retroactive application in the civil context.

be affected by that non-existent cause of action. Fifth, if we did not hold as we do, we would deny Gehl its substantive right and we would force reversal on appeal of the decision already rendered in *Merner.*

¶ 77. Wisconsin Stat. § 893.07(1) directs Wisconsin courts hearing a foreign cause of action to apply "the foreign period of limitation which applies" if that period is shorter than the applicable Wisconsin limitations period. Based on the analysis in *Landis,* we conclude that the phrase "period of limitation" is ambiguous as to whether it is meant to include statutes of repose. However, the history, context, subject matter, and purpose of the borrowing statute all indicate that the statute meant to include foreign statutes of repose within the phrase "period of limitation." Consequently, we overrule that portion of *Leverence* that incorrectly interpreted § 893.07(1), and we conclude, by honoring Iowa's applicable period of limitation, that Mr. Wenke's claim must be dismissed. As a result, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

All work on this opinion was completed on or before June 30, 2004. Justice Diane S. Sykes resigned on July 4, 2004.

¶ 78. N. PATRICK CROOKS, J. *(concurring).* I agree with the majority that given this court's holding in *Landis v. Physicians Ins. Co.,* 2001 WI 86, ¶ 62, 245 Wis. 2d 1, 628 N.W.2d 893, the distinction between statutes of limitations and statues of repose outlined in *Leverence v. U.S. Fidelity & Guaranty,* 158 Wis. 2d 64, 90–93, 462 N.W.2d 218 (Ct. App. 1990) is no longer good

law. However, I write separately to emphasize that I feel that I have no choice but to affirm, given the majority decision in *Landis*.

¶ 79. In *Landis*, the majority of this court concluded that the phrase "any applicable statute of limitations" in Wis. Stat. § 655.44(4) applied equally to both statutes of limitations and statutes of repose. *Landis*, 245 Wis. 2d 1, ¶¶ 60–61. In a dissent, joined by Justices William A. Bablitch and Jon P. Wilcox, I disagreed with the majority's conclusion and took issue with the majority's contention that the distinction between the two statutes was a matter of judicial labeling, since our opinion in *Aicher v. WI Patients Compensation Fund*, 2000 WI 98, ¶¶ 26–28, 237 Wis. 2d 99, 613 N.W.2d 849, only a year earlier, reached the opposite conclusion. *Landis*, 245 Wis. 2d 1, ¶¶ 83–89.

¶ 80. Because the majority prevailed in *Landis*, I feel bound to follow it in the present case. My decision to join the majority now is dictated by the holding in *Landis* that language quite similar to that at issue here applied to both statutes of limitations and statutes of repose.

¶ 81. For the foregoing reasons, I respectfully concur.

¶ 82. I am authorized to state that Justice JON P. WILCOX joins this concurrence.

¶ 83. ANN WALSH BRADLEY, J. (*dissenting*). Although the majority makes a compelling argument by tracing precedent and enunciating good policy, it is easy to lose focus of the central question presented in this case: whether the legislature intended that a foreign statute of repose be treated as a "limitation" for purposes of Wis. Stat. § 893.07.

¶ 84. In this case, we have the benefit of a Judicial Council Note which clearly sets forth the intent of the legislature in enacting this statute. It is rare that legislative history so precisely answers the presented question. Because the relevant Judicial Council Note clearly states the intent, *"in Wisconsin limitations are not treated as statutes of repose,"* I cannot join the majority's contrary interpretation. If the statute is to be revised, that is a task better left for the legislature, not the courts. Accordingly, I respectfully dissent.

¶ 85. Although the majority attempts at length to explain away this note, there is no escaping its clear mandate: Wisconsin's borrowing statute, § 893.07, was not intended by the legislature to apply to statutes of repose. Even the majority acknowledges the clarity of the Judicial Council Notes which support Wenke's construction. It candidly admits: "[t]he language of these Committee Notes does appear, on its face, to speak exactly to Wenke's construction of both Wis. Stat. §§ 893.05 and 893.07." Majority op., ¶ 49.

¶ 86. In 1979, the legislature restructured Chapter 893, Limitations of Commencement of Actions . . . Against Governmental Units. Within that comprehensive revision, the Judicial Council redrafted Wisconsin's borrowing statute, Wis. Stat. § 893.205, renumbering it to § 893.07.

¶ 87. Former § 893.205(1) provided in relevant part:

> But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any *statute of limitations* of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

273

(Emphasis added).

¶ 88. Section 893.07(1), the statute at issue, was recreated to provide:

> **893.07 Application of foreign statutes of limita-tion.**[1] **(1)** If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

¶ 89. The Judicial Council Committee Note to § 893.07 explains the intent of the recreated statute:

> Sub. (1) applies the provision of s. 893.05 that the running of a *statute of limitations* extinguishes the right as well as the remedy to a foreign cause of action on which an action is attempted to be brought in Wisconsin in a situation where the foreign period has expired. Sub. (1) changes the law of prior s. 893.205(1), which provided that a resident of Wisconsin could sue in this state on a foreign cause of action to recover damages for injury to the person even if the foreign period of limitation had expired.

Judicial Council Committee Note, 1979, § 893.07 (emphasis added).

¶ 90. As noted, § 893.07 incorporates the provisions of § 893.05. It is entitled "Relation of statute of limitations to right and remedy," and provides "[w]hen the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy." The Judicial Council Committee Note to § 893.05 reflects the intent:

---

[1] I note that the heading of § 893.07 reads "[a]pplication of foreign statutes of limitation." While a heading is not part of the law, it can be persuasive in the interpretation given to the statute. *Pure Milk Prods. Coop. v. Nat'l Farmers Org.,* 64 Wis. 2d 241, 253, 219 N.W.2d 564 (1974).

This new section is a codification of Wisconsin case law. *See Maryland Casualty Company v. Beleznay,* 245 Wis. 390, 14 N.W.2d 177 (1944), in which it is stated at page 393: "In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for *in Wisconsin limitations are not treated as statutes of repose.*"

Judicial Council Committee Note, 1979, § 893.05 (emphasis added).

¶ 91. The Committee's note for Chapter 893 further states, "[t]he previous provisions of ch. 893 are found in the recreated chapter in the same form that they previously existed or are *redrafted only for greater clarity and ease of application except as otherwise noted.*" (Emphasis added). It is apparent from the Committee's comments that the Council considered the phrase "period of limitation" to be synonymous with the "statute of limitations" language of the former borrowing statute, § 893.205(1) (1977).

¶ 92. We have previously determined that the Judicial Council Notes to § 893.07 are entitled to "particularly heavy weight" in discerning the intent of the legislature. *Guertin v. Harbor Assurance Co. of Bermuda,* 141 Wis. 2d 622, 630, 415 N.W.2d 831 (1987) (citing *Johnson v. Deltadynamics, Inc.,* 813 F.2d 944, 945 (7th Cir. 1987)). The Judicial Council not only drafted § 893.07, it actually sponsored the bill.

¶ 93. The Judicial Council Notes were presented to the Wisconsin Legislature when the bill that became § 893.07 was introduced. *See* 1979 A.B. 327, at p. 17 (March 21, 1979). Set forth on the first page of the bill is a notation that the bill was introduced "by request of Judicial Council."

¶ 94. There may be all sorts of good policy reasons, which the majority carefully sets forth, why

statutes of repose should be included in § 893.07. It may be wise for Wisconsin to borrow other states' statutes of repose as well as statutes of limitations.[2] However, these policy arguments, made from the vantage point of 2004, are no substitute for the legislative intent as set out at the time the statute was enacted in 1979. Even strong policy arguments cannot override clear legislative intent.

¶ 95. There may be analogous case law, interpreting different statutes, which the majority weaves into an artful analysis of why, based on an extension of those cases, we should conclude that statutes of repose ought to be included in § 893.07. Although this analysis supports the proposition that it may be appropriate to include statutes of repose under the borrowing statute, it is extraneous to the resolution of the question at hand. Even carefully crafted analysis cannot override clear legislative intent.

¶ 96. There may be an interesting and complex history of the evolution of statutes of repose. The

---

[2] I disagree with the majority's conclusion that Wisconsin's decision not to adopt a statute of repose is of no greater significance than Iowa having adopted a two-year limitations period for personal injury actions while Wisconsin has opted for a three-year statute of limitations. Majority op., ¶ 67. Statutes of repose are qualitatively as well as quantitatively different than statutes of limitations. As the majority opinion expressly notes, statutes of repose operate differently from statutes of limitations because they potentially cut off litigation *before* a cause of action arises. Majority op., ¶ 50 (quoting *Hamilton v. Hamilton,* 2003 WI 50, ¶ 29, 261 Wis. 2d 458, 661 N.W.2d 832.) Wisconsin's decision not to adopt a product liability statute of repose thus appears to me to be of great significance and represents contrary evidence of the majority's conclusion that Wis. Stat. § 893.07 borrows both statutes of limitations and statutes of repose.

majority skillfully charts the subtle shifts in meaning over time, drawing on extensive case law and multiple editions of legal dictionaries. Although the analysis provides an informative tour of a wide range of case law from many jurisdictions, there is no evidence that the Wisconsin legislature embraced or even grasped what the majority admits is a "largely unperceived shift" in the meaning attached to the phrase "statute of repose." Majority op., ¶ 49. Even a sophisticated appreciation of this subtle and "largely unperceived" shift in legal concepts cannot override clear legislative intent.

¶ 97. When the dust of policy arguments and analysis of cases involving other statutes settles, the inquiry remains: what was intended at the time this statute was enacted?

¶ 98. The majority may not agree with what the note states. It may think that public policy and case law interpreting other statutes should lead to a different result. However, our job is not to rewrite the statute or revise the intent of the legislature. Accordingly, I respectfully dissent.

¶ 99. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this opinion.