**CONSOLIDATED GRAIN & BARGE CO., Plaintiff–Appellant,**

v.

**STRUCTURAL SYSTEMS, INC., Defendant–Appellee.**

No. 07–7063.

United States Court of Appeals, Tenth Circuit.

May 28, 2008.

William D. Mahoney, Boteler Mahoney & Gray, Dallas, TX, Marc L. Bovos, Poteau, OK, for Plaintiff–Appellant.

Gerald P. Green, Pierce Couch Hendrickson Johnston & Baysinger, Andrea D.W. Moates, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, OK, Carey Cobb Calvert, Pierce Couch Hendrickson Baysinger & Gree, Tulsa, OK, for Defendant–Appellee.

Before LUCERO, HARTZ, and HOLMES, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

JEROME A. HOLMES, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit submits this request to the Supreme Court of Oklahoma to exercise its discretion to accept the following certified question of Oklahoma law in accordance with 10th Cir. R. 27.1 and Okla. Stat. tit. 20, § 1602. The answer to this question should be determinative of this case now pending in this court, and it appears that there is no controlling precedent in the Supreme Court of Oklahoma. This court appreciates consideration of this request for certification.

### The Question [1]

Oklahoma's borrowing statute provides that "[t]he period of limitation applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim." Okla. Stat. tit. 12, § 105. Should "period of limitation" in Okla. Stat. tit. 12, § 105 be interpreted to include statutes of repose, including Oklahoma's statute of repose for construction tort claims, *id.* § 109?

### Background

Plaintiff-appellant Consolidated Grain & Barge Co. (CGB) sued defendant-appellee Structural Systems, Inc. (SSI), an Oklahoma company, in Oklahoma state court in October 2006, alleging that SSI's negligence in repairing the conveyor belt system at CGB's grain elevator in Arkansas in June 2000 resulted in a November 2003 fire that caused nearly $800,000 in damage. SSI removed the case based on diversity jurisdiction to the federal district court, which dismissed the suit on the basis that Oklahoma's common-law choice-of-law rules called for the application of Arkansas's substantive five-year statute of repose, which barred CGB's claim. The district court held that Oklahoma's borrowing statute did not include statutes of repose because that interpretation conflicted with Oklahoma's common-law choice-of-law rules, and that Oklahoma's ten-year statute of repose for construction tort claims therefore did not apply. CGB appeals, arguing that Oklahoma's borrowing statute should be interpreted to include statutes of repose, and that Arkansas's shorter statute of repose does not apply to this case because Oklahoma's common-law choice-of-law rules have been abrogated by the borrowing statute, under which Oklahoma's longer statute of repose applies.

We have considered the language of Okla. Stat. tit. 12, §§ 105 and 109, the legislative history of those statutes, and Oklahoma case law, and have found no definitive answer to the question posed in this case. We note that the Wisconsin Supreme Court has interpreted the phrase "period of limitation" in Wisconsin's borrowing statute to include both statutes of limitation and statutes of repose. *See Wenke v. Gehl Co.*, 274 Wis.2d 220, 682 N.W.2d 405, 408–09 (2004).

---

1. We have previously acknowledged that the Supreme Court of Oklahoma "has reserved the authority to reformulate legal questions presented through the certification procedure." *Randall v. Travelers Cas. & Surety Co.*, 450 F.3d 1115, 1115 (10th Cir.2006).

738

■■■■■■■■■■■■■■

*Reason for Certification*

The question of state law presented in this case is apparently a question of first impression in Oklahoma. We therefore certify this question to the Supreme Court of Oklahoma. We greatly appreciate the consideration of this request. The clerk of this court shall submit to the Supreme Court of Oklahoma a certified copy of this order, together with copies of the briefs filed in this court and a copy of the judgment of the district court.

The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court and to the Clerk of the United States District Court for the Eastern District of Oklahoma, attention case No. 06–CV–520–RAW.

*Conclusion*

This appeal is ordered ABATED pending resolution of the questions certified herein.