STATE of Wisconsin, Plaintiff-Respondent,

v.

David Richard TURNPAUGH, Defendant-Appellant.

Court of Appeals

*No. 2006AP2301–CR. Submitted on briefs September 4, 2007.
—Decided September 25, 2007.*

2007 WI App 222

(Also reported in 741 N.W.2d 488.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David P. Geraghty* and *Michael A. Sosnay* of *Darnieder & Geraghty*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John T. Chisholm*, district attorney and *Latrice M. Pinson*, assistant district attorney.

Before Curley, P.J., Wedemeyer and Fine, JJ.

¶ 1. FINE, J.   David Richard Turnpaugh appeals the judgment convicting him on jury verdicts of prostitution, *see* Wis. Stat. § 944.30(1), and bail jumping, *see* Wis. Stat. § 946.49(1)(a). Among other things, he contends that the evidence at trial was insufficient to support the convictions. We agree and accordingly reverse.

> [I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d

752, 757–758 (1990) (citation omitted). Accordingly, we look at the "evidence in a light most favorable to the jury's verdict." *State v. Bannister*, 2007 WI 86, ¶ 22, 302 Wis. 2d 158, 168, 734 N.W.2d 892, 897. But first we look at the statute.

¶ 2. WISCONSIN STAT. § 944.30 provides:

Any person who intentionally does any of the following is guilty of a Class A misdemeanor:

(1) Has or offers to have or requests to have nonmarital sexual intercourse for anything of value.

(2) Commits or offers to commit or requests to commit an act of sexual gratification, in public or in private, involving the sex organ of one person and the mouth or anus of another for anything of value.

(3) Is an inmate of a place of prostitution.

(4) Masturbates a person or offers to masturbate a person or requests to be masturbated by a person for anything of value.

(5) Commits or offers to commit or requests to commit an act of sexual contact for anything of value.

Interpretation of this statute, as with others, is a question of law that we review *de novo. See State v. Johnson*, 2007 WI 107, ¶ 27, 304 Wis. 2d 318, 332, 735 N.W.2d 505, 512. Unless ambiguous, we apply the statute's text as it stands. *Id.*, 2007 WI 107, ¶ 28, 304 Wis. 2d at 332, 735 N.W.2d at 512.

¶ 3. As we have seen, Turnpaugh was charged with and convicted of violating WIS. STAT. § 944.30(1). "Sexual intercourse" requires "vulvar penetration." WIS. STAT. § 939.22(36) (" 'Sexual intercourse' requires only vulvar penetration and does not require emission.").

Thus, we look at the trial evidence to see whether the State has proven beyond a reasonable doubt that Turnpaugh sought "vulvar penetration" in exchange "for anything of value."

¶ 4.   Tara Ferguson, a Milwaukee Police Department undercover officer, testified that she was on a prostitution sting operation in May of 2005, when Turnpaugh, who was driving on South 33rd Street in Milwaukee, "made eye contact with me," and pulled his car over. When she walked over to Turnpaugh's car, he asked her if she needed a ride, and she said that she did not. He then, according to Ferguson, said, " '[y]ou know what kind of ride I'm talking about,' " while "his right hand [was] covering his private area, his crotch area and he was touching himself." The crux of the State's case was what Ferguson testified Turnpaugh later said to her:   "He said that he was looking for sex and he wanted me to masturbate and that he wanted to watch." According to Ferguson, Turnpaugh "said that he would pay me, but no specific amount was discussed."

¶ 5.   Turnpaugh testified and denied that he had or wanted to proposition Ferguson. Accepting, however, as we must, Ferguson's version of her discussion with Turnpaugh, *see Bannister*, 2007 WI 86, ¶ 22, 302 Wis. 2d at 168, 734 N.W.2d at 897, Turnpaugh's sufficiency-of-the-evidence argument turns on whether his comment to Ferguson that he was "looking for sex" in the context of what he told Ferguson satisfies Wis. Stat. § 944.30(1).

¶ 6.   Standing alone, Turnpaugh's comment that he was "looking for sex" is ambiguous; it could mean, as the State contends, that he was looking to have "sexual intercourse" with Ferguson. It could also mean that he was seeking sexual gratification by other means—such as watching her masturbate. A long-recognized way to

726

ascertain the meaning of an ambiguous word is to see it in its context. When interpreting a statute, this is known as "*noscitur a sociis*—the concept that a word 'is known from its associates' so that 'ordinarily the coupling of words denotes an intention that they should be understood in the same general sense.' " *State v. Johnson*, 171 Wis. 2d 175, 181, 491 N.W.2d 110, 113 (Ct. App. 1992) (quoted source and one set of internal quotation marks omitted). The State gives us no reason why a similar analysis does not also apply in interpersonal conversation; indeed, we know from life and common sense that it does. Thus, for example, the word "trip" could describe travel, a narcotic experience, triggering a mechanical device, or a stumble.

¶ 7.   Although Turnpaugh said he was "looking for sex," he limited the scope of that phrase by describing *what he was willing to pay for*—watching Ferguson masturbate. Offering payment is, of course, the *sine qua non* of a violation of WIS. STAT. § 944.30(1). Thus, even though, looking at the evidence in a light most favorable to the jury verdict, Turnpaugh might have also wanted to have sexual intercourse with Ferguson, he only offered to give her something "of value" in return for the voyeuristic gratification he would get from watching her masturbate. Since the statute requires a request for "nonmarital sexual intercourse" be *coupled* with the offer of "anything of value," the evidence that Turnpaugh was willing to pay to watch Ferguson masturbate does not satisfy § 944.30(1).

¶ 8.   The State does not dispute that if the jury's verdict on the WIS. STAT. § 944.30(1) charge is overturned, the bail-jumping conviction also falls because it was premised on that conviction. Accordingly, we reverse the judgment, and do not discuss the other

grounds Turnpaugh raises. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

*By the Court.*—Judgment reversed.