MARYLAND ARMS LIMITED PARTNERSHIP,
Plaintiff-Respondent,†

v.

Cari M. CONNELL and Linda J. Connell,
Defendants-Appellants.

Court of Appeals

*No. 2008AP1700. Submitted on briefs March 3, 2009.
—Decided May 19, 2009.*

2009 WI App 87

(Also reported in 769 N.W.2d 145.)

† Petition to review granted 9/24/09.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *James B. Connell* of *Crooks, Low & Connell, S.C.*, of Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Randy J. Wynn* of *Wynn Law Office*, Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. CURLEY, P.J. Cari M. Connell and Linda J. Connell appeal the trial court's order granting sum-

mary judgment to Maryland Arms Limited Partnership (Maryland Arms) on its claim under its lease with the Connells that resulted in a judgment to Maryland Arms for over $8000. Cari Connell rented an apartment from Maryland Arms when she came to Milwaukee to attend college. Linda Connell, Cari Connell's mother, guaranteed the lease. Because: (1) the lease provision relied upon by the trial court is an attempt to waive the requirements of WIS. STAT. § 704.07 (2007–08),[1] it is void; (2) § 704.07(3) makes Cari Connell responsible for damages only when she is negligent or improperly uses the rented premises, and she was not negligent, nor did she improperly use the premises; and (3) the clear implication of § 704.07 is that the landlord is obligated to repair fire damage when the apartment is damaged by a fire not caused by the negligence of either the landlord or the tenant, we reverse and remand, and direct the trial court to enter judgment for the Connells.

## I. BACKGROUND.

¶ 2. The parties filed cross-motions for summary judgment on stipulated facts. As material to this appeal, the parties agreed that: Cari Connell's rental apartment suffered some $8000 of damage as the result of a fire that started in her apartment; the damages were caused by a fire, the origin of which came from a hair dryer owned by Cari Connell; and, although the hair dryer was the cause of the fire, it is agreed that Cari Connell did not previously know of any defect in the hair dryer and did nothing more than plug it in. Additionally, the parties agree that the hair dryer was

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

plugged in at the time the fire erupted, and Cari Connell was alone in her apartment, asleep, when the fire started.

¶ 3.   The dispute in this case revolves around a clause in the lease that provides:

> Lessee responsible for acts and breaches of Lease by Lessee and Lessee's occupants, guests and invitees. Lessee shall be responsible for all intentional and negligent acts or breaches of this Lease by Lessee, Lessee's occupants, guests and invitees. Lessee shall be liable for all damage to the premises and appliances and equipment belonging thereto, in any way caused by the acts of Lessee, Lessee's occupants, guests and invitees.

(Underlining in original.) On its face, the lease provision thus makes Cari Connell liable to Maryland Arms "for all damage" to the apartment "in any way caused by the acts of" Cari Connell. The trial court accepted this clause as being determinative, and ruled that the Connells were liable to Maryland Arms because Cari Connell's hair dryer "caused" the fire. The Connells contend, however, that both the lease and Wis. Stat. § 704.07, which regulates the duties of landlords and tenants with regard to damages, require that Cari Connell must be negligent in connection with the fire as a precondition to the imposition of liability. We agree.

## II. Analysis.

¶ 4.   As noted, this case was decided on summary judgment. Thus, our review is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Our analysis of a contract is also *de novo, Teacher Ret. Sys. of Texas v. Badger XVI Ltd. P'ship*, 205 Wis. 2d 532, 555, 556 N.W.2d 415 (Ct. App. 1996), as is our statutory analysis, *see State v. Turn-*

*paugh*, 2007 WI App 222, ¶ 2, 305 Wis. 2d 722, 741 N.W.2d 488. We interpret all contracts and statutes as the language requires. *Kernz v. J.L. French Corp.*, 2003 WI App 140, ¶ 9, 266 Wis. 2d 124, 667 N.W.2d 751 (contracts); *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110 (statutes).

¶ 5.   We first look to the language of the lease. The pertinent language of the lease the Connells signed is unusual. After first limiting the lessee's responsibility to damages caused by negligence or improper use of the premises, the next sentence then expands the lessee's liability to include "all damage . . . in any way caused by the acts of Lessee." If indeed the lessee is responsible for "all damage" caused in any way by the lessee, the first sentence of the provision limiting Cari Connell's liability to damage caused by negligent acts or improper use is unnecessary. As will be discussed later, this later use of an expansive generally worded provision is not favored in landlord-tenant law.

¶ 6.   As noted, WIS. STAT. § 704.07 regulates the duties of a landlord and tenant with respect to damages. It constitutes a significant deviation from the common law duties of landlord and tenant concerning repairs. *See generally* Judicial Council Committee Note, 1969, WIS. STAT. § 704.07.[2] Pursuant to § 704.07(2)(a), the

---

[2]   [T]he Judicial Council . . . is a statutory, independent judicial agency that often acts in an advisory capacity to assist the supreme court in exercising its authority to promulgate rules regulating pleading, practice, and proceedings in Wisconsin courts. Although the Judicial Council Committee's Notes are not controlling authority, they are persuasive authority for the meaning of procedural rules.

*Wenke v. Gehl Co.*, 2004 WI 103, ¶ 47 n.25, 274 Wis. 2d 220, 682 N.W.2d 405 (citations omitted).

landlord is required to make repairs unless the "repairs [were] made necessary by the negligence of, or improper use of the premises by, the tenant."[3] Section

[3] WISCONSIN STAT. § 704.07 provides:

**Repairs; untenantability.** (1) APPLICATION OF SECTION. This section applies to any nonresidential tenancy if there is no contrary provision in writing signed by both parties and to all residential tenancies. An agreement to waive the requirements of this section in a residential tenancy is void. Nothing in this section is intended to affect rights and duties arising under other provisions of the statutes.

(2) DUTY OF LANDLORD. (a) Except for repairs made necessary by the negligence of, or improper use of the premises by, the tenant, the landlord has a duty to do all of the following:

1. Keep in a reasonable state of repair portions of the premises over which the landlord maintains control.

2. Keep in a reasonable state of repair all equipment under the landlord's control necessary to supply services that the landlord has expressly or impliedly agreed to furnish to the tenant, such as heat, water, elevator, or air conditioning.

3. Make all necessary structural repairs.

4. Except for residential premises subject to a local housing code, and except as provided in sub. (3) (b), repair or replace any plumbing, electrical wiring, machinery, or equipment furnished with the premises and no longer in reasonable working condition.

5. For a residential tenancy, comply with any local housing code applicable to the premises.

(b) If the premises are part of a building, other parts of which are occupied by one or more other tenants, negligence or improper use by one tenant does not relieve the landlord from the landlord's duty as to the other tenants to make repairs as provided in par. (a).

(c) If the premises are damaged by fire, water or other casualty, not the result of the negligence or intentional act of the landlord, this subsection is inapplicable and either sub. (3) or (4) governs.

(3) DUTY OF TENANT. (a) If the premises are damaged by the negligence or improper use of the premises by the tenant, the tenant must repair the damage and restore the appearance of the

704.07(3)(a) reaffirms that the tenant must repair any damages that are the result of the tenant's negligence or improper use of the premises. Given that the parties stipulated that Cari Connell was unaware of the fact that the hair dryer was defective, Cari Connell was not negligent, nor did she improperly use the premises. The question raised here then becomes: Who is responsible for damage caused by a fire started in a tenant's

premises by redecorating. However, the landlord may elect to undertake the repair or redecoration, and in such case the tenant must reimburse the landlord for the reasonable cost thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.

(b) Except for residential premises subject to a local housing code, the tenant is also under a duty to keep plumbing, electrical wiring, machinery and equipment furnished with the premises in reasonable working order if repair can be made at cost which is minor in relation to the rent.

(c) A tenant in a residential tenancy shall comply with a local housing code applicable to the premises.

(4) UNTENANTABILITY. If the premises become untenantable because of damage by fire, water or other casualty or because of any condition hazardous to health, or if there is a substantial violation of sub. (2) materially affecting the health or safety of the tenant, the tenant may remove from the premises unless the landlord proceeds promptly to repair or rebuild or eliminate the health hazard or the substantial violation of sub. (2) materially affecting the health or safety of the tenant; or the tenant may remove if the inconvenience to the tenant by reason of the nature and period of repair, rebuilding or elimination would impose undue hardship on the tenant. If the tenant remains in possession, rent abates to the extent the tenant is deprived of the full normal use of the premises. This section does not authorize rent to be withheld in full, if the tenant remains in possession. If the tenant justifiably moves out under this subsection, the tenant is not liable for rent after the premises become untenantable and the landlord must repay any rent paid in advance apportioned to the period after the premises become untenantable. This subsection is inapplicable if the damage or condition is caused by negligence or improper use by the tenant.

153

apartment that was not due to the negligence or improper use of the premises by either the landlord or the tenant? The clear implication of the statute is that the landlord is responsible for such damages. This interpretation finds support in several parts of the statute and in the Judicial Council Committee Notes.

¶ 7. WISCONSIN STAT. § 704.07(2)(b) requires the landlord to make repairs for damages to other non-negligent tenants' premises in the event a negligent tenant was responsible for the damage. Thus, the landlord is obligated to repair damage to other tenants' premises, even when the damage was the result of another tenant's negligence. Extrapolating from this and other language in the statute supports our conclusion that here Maryland Arms is responsible. The statute specifically references fire damage: "If the premises are damaged by fire, water or other casualty, not the result of the negligence or intentional act of the landlord, this subsection is inapplicable and either sub. (3) or (4) governs." *See* § 704.07(2)(c). Section 704.07(3) imposes a duty on the tenant to repair only "[i]f the premises are damaged by the negligence or improper use of the premises by the tenant." Sec. 704.07(3)(a). Section (4) sets out several possible scenarios:

> If the premises become untenantable because of damage by fire, ... the tenant may remove from the premises unless the landlord proceeds promptly to repair or rebuild ... or the tenant may remove if the inconvenience to the tenant by reason of the nature and period of repair ... would impose undue hardship on the tenant.

Sec. 704.07(4). Thus, when there is fire damage, a tenant can relocate if the repairs are not done in a

timely fashion or the damage causes a tenant "undue hardship." In either event, rent either "abates" or can be completely withheld.

> If the tenant remains in possession, rent abates to the extent the tenant is deprived of the full normal use of the premises. This section does not authorize rent to be withheld in full, if the tenant remains in possession. If the tenant justifiably moves out under this subsection, the tenant is not liable for rent after the premises become untenantable and the landlord must repay any rent paid in advance apportioned to the period after the premises become untenantable.

*Id.*

¶ 8.   WISCONSIN STAT. § 704.07(4) carves out an exception to these duties, stating that the "subsection is inapplicable if the damage or condition is caused by negligence or improper use by the tenant." Consequently, the landlord is obligated to repair any damage caused by a fire if the building becomes uninhabitable unless the tenant's negligence or improper use was the cause of the fire and the statute only obligates a tenant to be responsible for repairs when the tenant is negligent or improperly uses the premises.

▬▬

¶ 9.   While WIS. STAT. § 704.07 does not explicitly spell out whose duty it is to repair damages caused by a fire when the premises are damaged by something other than the landlord's negligence or intentional act, or the tenant's negligence or improper use, the statute does explicitly make the landlord responsible when: (1) there is fire damage caused by the landlord's negligence or intentional act; (2) damage occurs to other tenants' premises due to the negligence or improper use by a different tenant; and (3) the property becomes untenantable because of fire damage (which presumably

occurred here) and there is no tenant negligence or improper use. Given the various duties imposed on landlords under the statute, the only logical conclusion to the question posed here is that landlords are obligated to repair the premises when the fire damage was not caused by the landlord's negligence or intentional act or the tenant's negligence or improper use of the premises.

¶ 10. Moreover, this construction of the statute is consistent with the Judicial Council Committee's note, which reads, in pertinent part:

> Sub. (2) imposes on the landlord the duty to make certain types of repairs. It does not apply if the need for the repair was caused by misuse of the premises by the tenant, which would fall under sub. (3) or if the premises are damaged by fire or other casualty within sub. (4). Under this subsection the *landlord is expected to make types of repairs of major proportions, which it is not reasonable to expect a tenant to make.*

Judicial Council Committee Note, 1969, Wis. Stat. § 704.07 (emphasis added). Later, the note explains one of the reasons for the change:

> Sub. (4) replaces present s. 234.17. The latter section was borrowed from New York 1903; it has never been amended. At common law the tenant bore the risk of a fire or any other casualty loss. Hence, if a leased building were destroyed by fire, the tenant would remain liable for rent. Such a rule was too harsh, and many states including New York and Wisconsin changed the rule by statute.

*Id.* Applying the statute to the facts here, we conclude Maryland Arms is responsible for the fire damage that was started by Cari Connell's hair dryer.

¶ 11.   Finally, we conclude that the lease provision relied upon by the trial court is void. WISCONSIN STAT. § 704.07(1) prohibits the waiver of duties imposed on landlords and tenants.

> **704.07 Repairs; untenantability. (1)** APPLICATION OF SECTION. This section applies to any nonresidential tenancy if there is no contrary provision in writing signed by both parties and to all residential tenancies. *An agreement to waive the requirements of this section in a residential tenancy is void.* Nothing in this section is intended to affect rights and duties arising under other provisions of the statutes.

(Emphasis added.) The lease provision reads:   "Lessee shall be liable for all damage to the premises and appliances and equipment belonging thereto, in any way caused by the acts of Lessee." This provision is in direct contradiction with the tenant's duty, proscribed by the statute, limiting liability for damages to those that are the result of the tenant's negligence or improper use. Waiver has been defined as the " 'intentional relinquishment or abandonment of a known right.' " *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). By signing the lease, the parties were attempting to waive the requirements of the statute. The statute prohibits all such attempts, and renders such clauses void.

¶ 12.   Moreover, this type of generally worded provision was disfavored by the original Judicial Council Committee, as is reflected in the original statutory note. Speaking to the change in policy behind the legislation, the note instructs:   "Since the policy of the statute is to impose a greater duty on the landlord, generally worded clauses in a lease should not be construed to override the statute." Judicial Council Committee Note, 1969, WIS. STAT. § 704.07.

157

██

¶ 13.  Thus, we conclude the generally worded lease provision that the trial court contended required the Connells to pay over $8000 worth of damages, is void; first, because the clause attempts to waive the requirements of the statute, and second, because the Judicial Council notes reflect a legislative intent to prohibit generally worded clauses in a lease from over-riding the statute.

██

¶ 14.  In sum, the lease provision relied upon by the trial court is void. WISCONSIN STAT. § 704.07 provides for tenant liability only where the tenant is negligent or improperly uses the premises; Cari Connell was neither negligent nor did she improperly use the premises. Finally, the clear intent of the statute is to have the landlord shoulder the responsibility for fire repairs when there is no tenant negligence or improper use of the premises.

¶ 15.  For the reasons stated, we reverse and remand to the trial court and direct that judgment be entered for the Connells.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 16. FINE, J. (*dissenting*). The Majority decides that between a wholly innocent landlord and a tenant whose use of her hair drier caused a several-thousand-dollar fire, the landlord is stuck with the fire-damage bill, even though it and the tenant had a contract to the contrary. Neither the law nor reason permits this bizarre result. Accordingly, I respectfully dissent.

## I.

¶ 17. As the Majority recognizes, there are no disputed facts in this case. The parties filed cross-motions for summary judgment on stipulated facts. As material to this appeal, the parties agreed:

- The apartment rented to Cari M. Connell suffered some eight-thousand dollars of damage as the result of a fire that started in the apartment.

- "Said damages were caused by a fire, the origin of which came from a hair dryer owned by Cari Connell."

- "Although said hair dryer was the cause of the fire, it is agreed that Cari Connell did not previously know of any defect in said hair dryer."

The pertinent part of the lease provides:

Lessee responsible for acts and breaches of Lease by Lessee and Lessee's occupants, guests and invitees. Lessee shall be responsible for all intentional and negligent acts or breaches of this Lease by Lessee, Lessee's occupants, guests and invitees. Lessee shall be liable for all damage to the premises and appliances and equipment belonging thereto, in any way caused by the acts of Lessee, Lessee's occupants, guests and invitees.

(Underlining in original.) On its face, the lease thus makes Cari M. Connell liable to Maryland Arms "for all damage" to the apartment "in any way caused by the acts of" Ms. Connell. The circuit court thus ruled that the Connells were liable to Maryland Arms because Ms. Connell's hair dryer caused the fire. The Connells contend, and the Majority agrees, that both the lease and the material provisions of the Wisconsin statutes require that Cari M. Connell be negligent in connection

159

with the fire as a precondition to imposition of liability. I disagree.

## II.

¶ 18.    The language of the lease the Connells signed is clear:    as the circuit court observed, it makes them liable "for all damage . . . *in any way* caused by the acts of" Cari M. Connell. (Emphasis added.) Here, the parties agreed that Ms. Connell's "hair dryer was the cause of the fire." According to the undisputed summary judgment Record, it was plugged in at the time and the fire erupted when Ms. Connell was alone in her apartment, asleep; no one disputes that Ms. Connell plugged in the hair dryer, and left it plugged in while she slept. This might or might not rise to the level of negligence, but those two events (plugging it in and leaving it plugged in while she slept) were certainly acts that led directly to the fire, and were not mere causes in some obscure metaphysical sense, as the Connells contend.

¶ 19.    The Connells argue, and the Majority agrees, that the second sentence of the lease provision we quoted must be read in the context of the first sentence, which makes the tenant "responsible for all intentional and negligent acts" and thus, they argue, negligence is *also* a prerequisite under the second sentence. If this were true, however, one of the sentences would be mere surplusage. We are constrained to apply contract language so that every element has meaning and nothing is surplusage. *Kasten v. Doral Dental USA, LLC*, 2007 WI 76, ¶ 48, 301 Wis. 2d 598, 628, 733 N.W.2d 300, 315. I agree with the circuit court that "any act" means "any act" and that, accordingly, the lease makes the Connells liable for the damages resulting from the fire that would not have started unless Cari M. Connell plugged in her hair dryer and left it plugged in, irrespective of whether this was "negligence."

¶ 20.    The Connells also contend, and the Majority agrees, that the lease clause conflicts with Wis. Stat. § 704.07.[1] Like the circuit court, I do not agree.

[1] Wisconsin Stat. § 704.07 reads in full:

**Repairs; untenantability. (1)** Application of section. This section applies to any nonresidential tenancy if there is no contrary provision in writing signed by both parties and to all residential tenancies. An agreement to waive the requirements of this section in a residential tenancy is void. Nothing in this section is intended to affect rights and duties arising under other provisions of the statutes.

**(2)** Duty of landlord. (a) Except for repairs made necessary by the negligence of, or improper use of the premises by, the tenant, the landlord has a duty to do all of the following:

1. Keep in a reasonable state of repair portions of the premises over which the landlord maintains control.

2. Keep in a reasonable state of repair all equipment under the landlord's control necessary to supply services that the landlord has expressly or impliedly agreed to furnish to the tenant, such as heat, water, elevator, or air conditioning.

3. Make all necessary structural repairs.

4. Except for residential premises subject to a local housing code, and except as provided in sub. (3) (b), repair or replace any plumbing, electrical wiring, machinery, or equipment furnished with the premises and no longer in reasonable working condition.

5. For a residential tenancy, comply with any local housing code applicable to the premises.

(b) If the premises are part of a building, other parts of which are occupied by one or more other tenants, negligence or improper use by one tenant does not relieve the landlord from the landlord's duty as to the other tenants to make repairs as provided in par. (a).

(c) If the premises are damaged by fire, water or other casualty, not the result of the negligence or intentional act of the landlord, this subsection is inapplicable and either sub. (3) or (4) governs.

**(3)** Duty of tenant. (a) If the premises are damaged by the negligence or improper use of the premises by the tenant, the tenant must repair the damage and restore the appearance of the

161

¶ 21. The Connells argue that Wɪs. Sᴛᴀᴛ. § 704.07(3)(a)'s requirement that tenants repair "premises [that] are damaged by the negligence or improper use of the premises by the tenant," and § 704.07(4)'s requirement that the landlord must repair premises rendered "untenantable because of damage by fire" unless "the damage or condition is caused by negligence or improper use by the tenant" conflicts with the lease

premises by redecorating. However, the landlord may elect to undertake the repair or redecoration, and in such case the tenant must reimburse the landlord for the reasonable cost thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.

(b) Except for residential premises subject to a local housing code, the tenant is also under a duty to keep plumbing, electrical wiring, machinery and equipment furnished with the premises in reasonable working order if repair can be made at cost which is minor in relation to the rent.

(c) A tenant in a residential tenancy shall comply with a local housing code applicable to the premises.

(4) Uɴᴛᴇɴᴀɴᴛᴀʙɪʟɪᴛʏ. If the premises become untenantable because of damage by fire, water or other casualty or because of any condition hazardous to health, or if there is a substantial violation of sub. (2) materially affecting the health or safety of the tenant, the tenant may remove from the premises unless the landlord proceeds promptly to repair or rebuild or eliminate the health hazard or the substantial violation of sub. (2) materially affecting the health or safety of the tenant; or the tenant may remove if the inconvenience to the tenant by reason of the nature and period of repair, rebuilding or elimination would impose undue hardship on the tenant. If the tenant remains in possession, rent abates to the extent the tenant is deprived of the full normal use of the premises. This section does not authorize rent to be withheld in full, if the tenant remains in possession. If the tenant justifiably moves out under this subsection, the tenant is not liable for rent after the premises become untenantable and the landlord must repay any rent paid in advance apportioned to the period after the premises become untenantable. This subsection is inapplicable if the damage or condition is caused by negligence or improper use by the tenant.

162

clause making the tenant responsible for non-negligent acts, and that this conflict is prohibited by § 704.07(1), which, as we see in the footnote, provides that "[a]n agreement to waive the requirements of this section in a residential tenancy is void." In my view, the lease provision did not purport to "waive" any of the provisions of § 704.07.

¶ 22.    First, the lease provision did not waive or relinquish the requirement in Wis. Stat. § 704.07(3)(a) that the tenant is responsible for damages caused by his or her negligence. Further, § 704.07(3)(a) does *not* say that "the tenant must repair the damage and restore the appearance of the premises" *only if* he or she is negligent. There is nothing in that clause that prevents the parties from agreeing, as the parties did here, to affix liability on a tenant who causes damage even though he or she is not negligent. Indeed, Wis. Stat. § 704.03(1) specifically provides that "[s]ections 704.05 and 704.07 govern as to matters within the scope of such sections *and not provided for in such written lease or contract.*" (Emphasis added.) Moreover, making the tenant liable for damages the tenant causes even if the tenant is not negligent makes sense because as between the parties, the landlord and the tenant, the tenant is best able to monitor what goes on in his or her apartment and prevent damage. Certainly in this case, although Ms. Connell might not have been negligent, her acts and not that of the landlord caused the fire. The responsibility is properly hers and not the landlord's and, as the legislature recognized, the parties were free to apportion that reality in their agreement.

¶ 23.    Second, and similarly, the lease provision also did not waive or relinquish the requirement in Wis. Stat. § 704.07(4) that the landlord keep the premises tenantable unless "damage or condition is caused by

163

negligence or improper use by the tenant." Again, there is nothing in § 704.07(4) that prevents the parties from agreeing that where the damage is the result of the tenant's non-negligent acts, the landlord as the wholly innocent party should have recourse from the tenant for the cost of needed repairs. *See* Wis. Stat. § 704.03. Stated another way, although the landlord may have the duty to repair under § 704.07(4) (*unless* that duty is voided by the tenant's negligence), there is nothing in § 704.07(4) that requires the landlord to be ultimately responsible for the repair costs caused by the tenant if the parties otherwise agree, which is what they did here.[2]

¶ 24.    The Wisconsin Constitution enjoins the law-making, law-interpreting, and law-enforcing branches of government from interfering with the right of persons to fashion contracts to govern their relationships and respective liabilities in connection with those relationships. Thus, article I, section 12 of the Wisconsin Constitution provides that "[n]o . . . law impairing the obligation of contracts[] shall ever be passed." It is true, of course, that this provision must be read consistent with the rules of reason and the state's police power. *See*

---

[2] We are not dealing with a situation where a lease agreement attempts to exculpate a landlord for his or her own negligence. *See State Farm Fire & Cas. Co. v. Home Ins. Co.*, 88 Wis. 2d 124, 130, 276 N.W.2d 349, 351 (Ct. App. 1979) ("The general rule is that an exculpatory clause exempting a landlord from liability resulting from a condition of the premises does not apply where the damage sustained is caused by the active or affirmative negligence of the landlord."); Wis. Admin. Code § ATCP 134.08 ("No rental agreement may: . . . (5) Relieve, or purport to relieve the landlord from liability for property damage or personal injury caused by negligent acts or omissions of the landlord.").

*State ex rel. Bldg. Owners & Managers Ass'n of Milwaukee, Inc. v. Adamany*, 64 Wis. 2d 280, 292, 219 N.W.2d 274, 280 (1974) ("We have thus accepted the proposition that the obligation of contract is not an absolute right, but is one that may be obliged to yield to the compelling interest of the public—the exercise of the police power."). But we have no license to engraft on a statute inferences not clearly stated when to do so, as it does here, nullifies a contract entered freely and without duress.

¶ 25. The landlord here was entitled to try to protect itself from damages caused by a tenant. No doubt, it believed that it had done so. Both the circuit court and I also believe that it had done so. The Majority does not. Indeed, under the Majority's rationale, no landlord and tenant *can ever* agree that the tenant will be responsible for damages caused by the tenant, unless the landlord is able to prove that the tenant was negligent. This is not only bad law, it is contrary to the statutes. Accordingly, I respectfully dissent.